### OSBORNE *v.* COUNTY OF ADAMS.

A steam grist-mill is not a work of internal improvement, within the meaning of the act of Nebraska of Feb. 15, 1869, entitled "An Act to enable counties, cities, and precincts to borrow money on their bonds, or to issue bonds to aid in the construction or completion of works of internal improvement in this State, and to legalize bonds already issued for such purpose."

ERROR to the Circuit Court of the United States for the District of Nebraska.

This was an action brought by Osborne against the county of Adams, Nebraska, to recover the amount of certain coupons detached from bonds of Juniata Precinct, a legal subdivision of that county. Pursuant to a vote of the qualified electors of the precinct, to aid in the construction of a steam grist-mill therein, the bonds were issued by the county commissioners under the authority supposed to be conferred by the act of that State of Feb. 15, 1869, the first and seventh sections of which are as follows : —.

" SECT. 1. That any county or city in the State of Nebraska is hereby authorized to issue bonds to aid in the construction of any railroad or other work of internal improvement to an amount to be determined by the county commissioners of such county, or city council of such city, not exceeding ten per cent of the assessed valuation of all taxable property in said county or city: *Provided,* the county commissioners or city council shall first submit the question of the issuing said bonds to a vote of the legal voters of said

county or city in the manner provided by chapter nine of the Revised Statutes of the State of Nebraska, for submitting to the people of a county the question of borrowing money."

"SECT. 7. Any precinct in any organized county of this State shall have the privilege of voting to aid works of internal improvement, and be entitled to all the privileges conferred upon counties and cities by the provisions of this act; and in such cases the precinct election shall be governed in the same manner as is provided in this act, so far as the same is applicable, and the county commissioners shall issue special bonds for such precinct, and the tax to pay the same shall be levied upon the property within the bounds of such precinct. Such precinct bonds shall contain a statement showing the special nature of such bonds."

The court sustained a demurrer to the declaration, and Osborne brought this writ of error.

*Mr. Adna H. Bowen* and *Mr. John H. Ames* for the plaintiff in error.

*Mr. John Doniphan* for the defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

A steam grist-mill is not, in our opinion, a work of internal improvement, within the meaning of the act of Nebraska approved Feb. 15, 1869, which authorizes counties, cities, and precincts of organized counties " to issue bonds to aid in the construction of any railroad or other work of internal improvement."

*Township of Burlington* v. *Beasley*, 94 U. S. 310, is not, as supposed by counsel, an authority for a different conclusion. That case arose under a statute of Kansas, which empowered municipal townships in that State to issue bonds " for the purpose of building bridges, free or otherwise, or to aid in the construction of railroads or water-power, by donation thereto, or the taking of stock therein, or for other works of internal improvement." The bonds there in suit were issued to aid in the construction and completion of, and to furnish the motive power for, a steam custom grist-mill. It was held that the statute, reasonably interpreted, embraced a grist-mill operated by steam, as well as one run by water-power; that, since municipal aid was authorized for " the construction of

. . . water-power," the phrase "other works of internal improvement," in the Kansas statute, might be fairly construed as embracing works of the same class, and consequently as embracing a steam grist-mill. The court was somewhat influenced, as plainly appears from its opinion, by decisions of the Supreme Court of Kansas, particularly that of *Commissioners of Leavenworth County* v. *Miller*, 7 Kan. 479.

The present case is different. The only work of internal improvement specially described in the Nebraska statute is a railroad, and we are not justified by anything in *Township of Burlington* v. *Beasley*, or in the decisions of the courts of Nebraska, in holding that a steam or other kind of grist-mill is of the class of internal improvements which municipal townships in that State are empowered, by the statute in question, to aid by an issue of bonds.

For these reasons we adjudge that the bonds issued by the county commissioners in behalf of Juniata Precinct, in Adams County, Nebraska, in aid of the construction of a steam grist-mill in that precinct, are unauthorized by the act of Feb. 15, 1869; and as authority for their issue is not claimed to exist under any other statute, they must be held to be without binding force against the precinct.

*Judgment affirmed.*