## OSBORNE v. ADAMS COUNTY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

Submitted October Term, 1882.—Decided October 15th, 1883.

*Internal Improvements—Municipal Bonds—Statutes.*

Application being made to open the judgment in this case in order to enable the court to consider the case of *Traver* v. *Merrick County*, decided by the Supreme Court of Nebraska, and the court now having considered it : *Held*, that that case is an authority in support of the former ruling of this court in this case.

Motion for rehearing. The statement of facts appears fully in the opinion.

MR. JUSTICE HARLAN delivered the opinion of the court.

·This case was decided at the last term of this court, and is reported in 106 U. S., 181. We there held that a steam grist-mill was·not a work of internal improvement, within the mean-ing of the statute of Nebraska, approved February 15, 1869, authorizing counties, cities, and precincts of organized counties "to issue bonds to aid in the construction of any railroad or other work of internal improvement." It was also said that the court was not justified by anything in *Township of Bur-lington* v. *Beasley*, 94 U. S. 310, or in the decisions of the

courts of Nebraska, "in holding that a steam or other kind of grist-mill is of the class of internal improvements which municipal townships in that State are empowered, by the statute in question, to aid by an issue of bonds."

A petition for rehearing was filed near the close of the last term, calling our attention to the fact that the Supreme Court of Nebraska had then recently decided that a grist-mill operated by water power was a work of internal improvement within the meaning of the before-mentioned statute. The judgment was suspended in order that appellee might have an opportunity of presenting the full text of the opinion of the State court. That has been done at the present term. The case to which reference is made is *Traver* v. *Merrick County*, the opinion in which was not filed in the State court until after the close of our last term.

It is quite true, as claimed by counsel for appellee, that the State court does, in that case, rule that a water grist-mill is a work of internal improvement within the meaning of the statute in question. But the court takes care to say :

"In our view there is a clear distinction between aiding the development of the water power of the State—a power that is continuing in its nature and may be used without cost or expense, and must be used at certain points on a stream where a dam can be erected and power obtained—and a mill propelled by steam, that must be attended with a continuous cost for fuel, and may at any time be moved to another locality."

So far from the decision of the State court furnishing any ground for a rehearing, it is an authority in support of that construction of the act of 1867 which excludes steam grist-mills from the class of internal improvements in aid of which counties, cities, and precincts of organized counties are, by that statute, authorized to issue their bonds.

*The rehearing is denied.*