ADELBERT MEAD & others *vs.* INHABITANTS OF ACTON & others.

Middlesex. Jan. 28. — May 8, 1885. DEVENS, W. ALLEN, & COLBURN, JJ., absent.

The St. of 1882, *c.* 93, authorizing a certain town to pay bounties to soldiers who reënlisted in a certain regiment in 1864, and were credited to the town, is unconstitutional.

A town cannot raise money by taxation to pay the expense of a committee directed by a vote of a town to procure from the Legislature the passage of an act, which act, when passed, is unconstitutional.

A town, in November, 1881, voted to appoint a committee to appear before the Legislature and procure certain legislation desired, with authority to employ counsel. The legislation was procured, and the town voted, in September, 1882, to pay the bill of the committee. Three days afterwards, a petition was filed, under the Pub. Sts. *c.* 27, § 129, to restrain the town from paying the bill. *Held*, that the petition was seasonably filed.

MORTON, C. J. By the St. of 1882, *c.* 93, the Legislature authorized the town of Acton " to raise by taxation a sum of money not exceeding four thousand dollars and appropriate the same to the payment of a bounty of one hundred and twenty-five dollars to each soldier, and the legal representatives of each deceased soldier, who reënlisted as a veteran in the Twenty-sixth Regiment of Massachusetts Volunteers under the call of the President dated October seventeenth, eighteen hundred and sixty-three, who was credited to said town and has never received therefrom any bounty for such reënlistment; provided, that said town shall not be reimbursed by the Commonwealth for any money paid under the authority of this act."

Acting under the authority of this statute, the town, at a meeting held on April 3, 1882, voted to raise by taxation the sum of $4000, and to appropriate the same to the payment of bounties as authorized by the statute. Thereupon the petitioners, being more than ten taxable inhabitants of the town, filed this petition, under the Pub. Sts. *c.* 27, § 129, for an injunction to restrain the town from raising and appropriating the money according to its vote.

It is admitted, among other facts, that the soldiers, being thirty-one in number, to whom or to whose legal representatives it is intended to pay the bounties, reënlisted in January, 1864, in Company E of the Twenty-sixth Regiment of Massachusetts Volunteers, at New Iberia, in the State of Louisiana, were duly mustered into the service of the United States for three years or during the war, and were credited upon the quota of Massachusetts and to the town of Acton. It is not contended that there was any promise by the town, or by any one acting on behalf of the town, to pay any bounty to these soldiers at or before their reënlistment. Indeed, the town could not then legally pay or promise to pay bounties to these men. St. 1863, *c.* 91. The principal question in the case is as to the constitutionality of the St. of 1882, above cited.

Many cases have arisen since the late civil war, in which the court has been called upon to consider the power of the Legislature, and of the cities and towns acting under its authority, to raise money by taxation for the benefit of soldiers, and the constitutional limitations upon that power. It has uniformly been held that, although the duty of providing for the necessary defence and support of the government primarily rests upon the State, it was competent for the Legislature to impose on towns this duty, or such part of it as it deemed wise; and to authorize towns to raise money by taxation necessary for the performance of the duty thus imposed. And therefore it has been held that the Legislature might, by a general law, authorize towns to raise money, by taxation, for the payment of bounties to soldiers to induce them to enlist in the army of the United States serving in the late war, and also for the repayment of money which had been advanced by the town, or by individuals by contributions to a public fund, for the purpose of procuring

enlistments. *Lowell* v. *Oliver*, 8 Allen, 247. *Freeland* v. *Hastings*, 10 Allen, 570. We do not discuss the reasons of these decisions, because they are fully stated in the preceding cases, and particularly in the elaborate opinions in the two cases above cited. It will be seen that the essential element in these cases is that the money which the Legislature authorizes towns to raise must be raised and expended for public purposes, for filling the army for the support and defence of the government. The cases where the Legislature has authorized towns to raise money by taxation, for the repayment of money advanced by towns or individuals, have all been cases where the money has been advanced to pay bounties to soldiers as an inducement to them to enlist; in other words, where the money has in fact been expended for the public service. The distinction between the right of the Legislature to authorize taxation for public purposes, and the right to authorize it for private purposes, is sharply illustrated in *Freeland* v. *Hastings, ubi supra*, where it was held that the Legislature might authorize towns to raise money for the purpose of refunding sums which had been contributed by individuals to a common fund for the purpose of filling the quotas of the towns, and furnishing soldiers for the war, but could not authorize them to raise money for the purpose of refunding sums paid by individuals for substitutes, upon the ground that in the latter case such sums were paid for a private, and not for a public object. And the court adds, " It is hardly necessary to say that a statute designed to accomplish such purposes would be against common right, and would transcend the authority conferred on the Legislature by the Constitution."

In the case at bar it seems to us clear that the object for which the town of Acton has raised this money is private, and not public. The town has made no promise to these soldiers, and is not under any obligation to pay them any bounties. The purpose is not to repay any sums advanced them as an inducement to enlist. The bounty to be paid cannot be regarded in the light of compensation for services rendered; for their services as soldiers were not rendered to the town, and the town had nothing to do with their compensation. The war has been over for many years, and the payment of these bounties cannot

encourage enlistments, or in any way affect the public service, or promote the public welfare. The direct primary object is to benefit individuals, and not the public. In any view we can take of the statute, the payments it contemplates are mere gratuities or gifts to individuals. The principle would be the same if a town should vote a gratuity or a pension to one who had rendered services as an officer or was in any way entitled to its gratitude. This a town has not the power to do, even with the sanction of the Legislature. A statute conferring such power is unconstitutional, because it authorizes raising money by taxation for the exclusive benefit of particular individuals, and appropriates money for a private purpose which can only be raised and used for public objects. The right to tax is the right to raise money by assessing the citizens for the support of the government and the use of the State. The term "taxation" imports the raising of money for public use, and excludes the raising of it for private uses. *Lowell* v. *Boston*, 111 Mass. 454. *Freeland* v. *Hastings, ubi supra. Perkins* v. *Milford*, 59 Maine, 315. *Thompson* v. *Pittston*, 59 Maine, 545. *Allen* v. *Jay*, 60 Maine, 124. *Taylor* v. *Thompson*, 42 Ill. 9. *Crowell* v. *Hopkinton*, 45 N. H. 9. *Speer* v. *Blairsville School Directors*, 50 Penn. St. 150.

For these reasons, without considering the other objections urged by the petitioners, we are of opinion that the statute in question, so far as it gives authority to pay bounties to the soldiers embraced in its terms, is unconstitutional and void.

Another less important question is presented in this case. The town, in November, 1881, voted to appoint a committee to appear before the Legislature and procure the passage of an act authorizing the town to pay these bounties, with authority to employ counsel if necessary. The committee employed counsel, and procured the passage of the St. of 1882, and rendered its bill for expenses to the town, which, at a meeting held on September 2, 1882, voted to pay the bill of the committee. It was clearly no part of the duty or functions of the town to procure the passage of this statute, and it cannot legally appropriate money to pay the expenses of procuring its passage. *Minot* v. *West Roxbury*, 112 Mass. 1. *Coolidge* v. *Brookline*, 114 Mass. 592. The respondents, however, contend that the petitioners

have lost their right to object to the payment of this bill, by their delay in bringing their petition. If the town had, in November, 1881, voted to appropriate money to pay the expenses of the committee, there would be great force in this position of the respondents. *Fuller* v. *Melrose*, 1 Allen, 166. But the petitioners can only bring their petition after a town votes to raise or pay from its treasury money for an unlawful purpose. Pub. Sts. *c*. 27, § 129. *Carlton* v. *Salem*, 103 Mass. 141. In this case the petition was filed on September 5, 1882, three days after the vote to pay the money, and the petitioners were guilty of no laches. *Decree for petitioners.*

*E. R. Hoar & S. Hoar*, for the petitioners.

*W. Gaston & C. L. B. Whitney*, for the respondents.