RUFUS P. KINGMAN & others *vs.* CITY OF BROCKTON.

Plymouth.    October 21, 1890. — February 25, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Constitutional Law — Municipal Corporation — Appropriation — Public Use.*

The Legislature has no power to authorize a city or town to appropriate money for the erection of a building to be devoted in part to the use of a post of the Grand Army of the Republic so long as such post shall exist as an organization.

The city of Brockton was authorized by the St. of 1890, c. 432, to appropriate a sum of money for the erection of a memorial hall, to be used and maintained "as a memorial to the soldiers and sailors of the war of the Rebellion." The city council, assuming to act under this statute, passed an order appropriating such sum for the purpose of erecting a "memorial hall and public library building, . . . a portion of said building to be for the use of Fletcher Webster Post G. A. R. No. 13, so long as it shall exist as an organization," the plans of the building to be approved by "the trustees of said G. A. R. Post." *Held,* that the purpose expressed in the order was not a public purpose, for which a town or city could raise money by taxation, and that the order, even if within the statute, was invalid.

PETITION IN EQUITY, under the Pub. Sts. c. 27, § 129, by ten taxable inhabitants of the city of Brockton, to prevent the carrying out of an order of the city council appropriating $40,000 for the erection of a memorial hall and public library building. The case was heard by *Holmes*, J., who ordered the petition to be dismissed; and the petitioners appealed to this court. The facts appear in the opinion.

The case was argued at the bar in October, 1890, and afterwards, in January, 1891, was submitted on the briefs to all the judges.

*J. White*, for the petitioners.

*H. Kingman*, for the respondent.

C. ALLEN, J. The counsel for the petitioners does not controvert the constitutionality of the statute itself, St. 1890, c. 432,* under which the city council has assumed to act. That statute authorizes the city to appropriate a sum of money for the erection of a memorial hall, to be used and maintained as a memorial to the soldiers and sailors of the war of the Rebellion. This may properly be deemed to be a public purpose, and a statute authorizing the raising of money by taxation for the erection of such a memorial hall may be vindicated on the same grounds as statutes authorizing the raising of money for monuments, statues, gates or archways, celebrations, the publication of town histories, parks, roads leading to points of fine natural scenery, decorations upon public buildings, or other public ornaments or embellishments, designed merely to promote the general welfare, either by providing for fresh air or recreation, or by educating the public taste, or by inspiring sentiments of patriotism or of respect for the memory of worthy individuals. The reasonable use of public money for such purposes has been sanctioned by several different statutes, and the constitutional right of the Legislature to pass such statutes rests on sound principles. Pub. Sts. c. 27, §§ 10, 11. Sts. 1882, cc. 154, 255, § 5; 1883, c. 119; 1884, c. 42; 1886, c. 76; 1889, c. 21. *Higginson* v. *Nahant*, 11 Allen, 530.

---

* This statute is as follows : "The city of Brockton is hereby authorized to appropriate a sum of money, not exceeding forty thousand dollars, for the erection of a memorial hall in said city, and the purchase of lands necessary therefor; said building to be used and maintained as a memorial to the soldiers and sailors of the war of the Rebellion."

Assuming to act under the authority of the St. of 1890, c. 432, the city council of Brockton proceeded to pass an order appropriating $40,000 for the purpose of erecting a "memorial hall and public library building, . . . a portion of said building to be for the use of Fletcher Webster Post G. A. R. No. 13, so long as it shall exist as an organization, . . . the said plans [of the building] to be approved by . . . the trustees of said G. A. R. Post." By this vote, a portion of the contemplated building is to be devoted to the use of the said Grand Army Post during its existence as an organization, and the plans are to be approved by the trustees of said Post. The respondent contends that this vote is within the authority of the statute. This is certainly open to doubt; but assuming it to be so, the question presented for determination is whether the purpose thus expressed is a public purpose, for which money can be raised by a town by taxation, even with legislative sanction.

It might perhaps be sufficient to declare, as the petitioners contend, that the statute is not broad enough to cover the vote of the city council, and that the real question to be determined is merely whether money can be lawfully raised by the city for the purpose expressed, in the absence of any statute expressly authorizing it. But it is better to meet the broader question whether the Legislature can authorize a city or town to make such a use of public money; and, in the opinion of a majority of the court, it cannot.

The general rule is well established, and is illustrated by a great variety of decided cases, that taxation must be limited to public purposes. It was accordingly held in the recent case of *Mead* v. *Acton*, 139 Mass. 341, that a statute authorizing a town to pay bounties to soldiers who re-enlisted in 1864 and were credited to the town was unconstitutional; the purpose being to benefit individuals, and not the public. The Fletcher Webster Post G. A. R. No. 13 is not a public body, but it is an association of individuals. To support and maintain such an association cannot be deemed to be a public purpose. If a city or town may be authorized to erect a building to be devoted in part to the use of such an association so long as it shall exist as an organization, it is not easy to see why it may not be authorized to erect one exclusively for that purpose, and to provide

the necessary furniture, and indeed to bear all the expenses of maintaining the association. If a city or town may be authorized to give such assistance to a body of persons who have been soldiers or sailors in the war, the same principle would seem to extend so far as to include those who have rendered other great and meritorious services, and thus are entitled to public gratitude, such, for example, as societies of disabled or past firemen or policemen. If once the principle is adopted that a city or town may be authorized to raise money by taxation for conferring benefits on individuals merely because in the past they have rendered important and valuable services for the benefit of the general public, occasions will not be wanting which will appeal strongly to the popular sense of gratitude, or to the popular emotion; and the interests and just rights of minorities will be in danger of being disregarded. If the body of persons to be benefited is numerous, the greater is the influence that may probably be brought to bear to secure such an appropriation of the public money.

Under such circumstances, it is necessary to recur and to adhere firmly to fundamental principles. The right of taxation by a city or town extends only to raising money for public purposes and uses. There is no definition of a public purpose or use which can include the maintenance and support of a Grand Army Post.

It is said that, if a city has a public building already erected which is larger than its present needs for municipal purposes require, it may allow portions of such building to be used for other purposes for the time being, either for a stipulated rent or price, or gratuitously; and, further, that in erecting a public building a city need not limit the size of it to actual existing needs, but may make a reasonable provision for probable future wants. All this, within proper limits, is true. *Spaulding* v. *Lowell*, 23 Pick. 71. *French* v. *Quincy*, 3 Allen, 9. *Worden* v. *New Bedford*, 131 Mass. 23. But there may be some danger of extending this doctrine too far. Should a question arise whether a contemplated building exceeded what was allowable, with reference to legitimate prospective needs, such question would have to be determined upon its own merits; and the good faith of the transaction, and the soundness of the judgment shown in providing for future wants, might have to be considered. No such

question has arisen heretofore, or arises now. In the present case, it is proposed to erect a building with the express purpose of devoting a portion of it to the use of the G. A. R. Post, not temporarily, but as long as that organization may exist.

The St. of 1885, c. 60, is referred to, which authorizes any city or town to lease, for a period not exceeding five years, to any Post of the Grand Army of the Republic established in such city or town, to be used by such Post solely for the purposes of its organization, any public building or part thereof, except schoolhouses in actual use as such, on such terms as the board of aldermen or the selectmen may determine. Without now considering whether in any respect this statute goes too far, or is liable to abuse, it is sufficient to say that it refers only to existing public buildings, and by no means authorizes the erection of a building to be let to a Grand Army Post at a nominal rent.

In addition to *Mead* v. *Acton*, 139 Mass. 341, and cases there cited, the following, amongst others, may also be referred to as tending to support the views above expressed in respect to the proper limits of the right of taxation. *Jenkins* v. *Andover*, 103 Mass. 94. *Loan Association* v. *Topeka*, 20 Wall. 655. *Parkersburg* v. *Brown*, 106 U. S. 487. *Osborne* v. *Adams*, 106 U. S. 181; *S. C.* 109 U. S. 1. *Ottawa* v. *Carey*, 108 U. S. 110. *Cole* v. *La Grange*, 113 U. S. 1. *Philadelphia Association* v. *Wood*, 39 Penn. St. 73. *State* v. *Osawkee*, 14 Kans. 418, an instructive judgment by Brewer, J. *Mather* v. *Ottawa*, 114 Ill. 659. *Feldman* v. *City Council*, 23 S. C. 57. *Coates* v. *Campbell*, 37 Minn. 498. *State* v. *Tappan*, 29 Wis. 664. *Brewer Brick Co.* v. *Brewer*, 62 Maine, 62. See also Dillon, Mun. Corp. (4th ed.) §§ 159, 508, 736; Cooley on Taxation, c. 4.

*Decree for petitioners.*