# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

St. 1904, c. 458, attempting to give bounties to those veterans of the Civil War who did not receive bounties at the time of their enlistment, is unconstitutional, as requiring the expenditure of money from the public treasury for a private use.

The justices of this court in giving opinions upon important questions of law to a branch of the Legislature.or to the Governor and Council in performance of the duty imposed upon them by the Constitution of the Commonwealth, c. 3, art. 2, give their opinions only so far as required to aid in the performance of official duties in regard to a matter then pending.

THE following communication from the Governor and Council was transmitted to the Justices of the Supreme Judicial Court on July 22, 1904:

At a meeting of the Governor and the Council held on the twentieth day of July, 1904, it was ordered that the opinion of the Justices of the Supreme Judicial Court be requested upon the following important questions of law:

1. Whether the act of the Legislature of Massachusetts, entitled "An Act to provide for the payment of bounties to certain veterans of the civil war," being chapter 458 of the Acts of the year 1904, has the force of a law, it appearing by the journal of the House of Representatives, which is the branch of the Legislature in which said act originated, that less than two thirds of the members of said House of Representatives agreed to pass the same notwithstanding the objections of the Governor thereto duly communicated to said house in writing, and it appearing further by said journal that two thirds of the members of said house who were present and voting did agree to pass the act over the executive veto.

2. Whether the phrase in Part the Second, Chapter 1, Section 1, Article II of the Constitution of Massachusetts, "two thirds of the said Senate or House of Representatives" means two thirds of the members elected, two thirds of the members living, two thirds of the members present and voting, or two thirds of a quorum, though more than a quorum are present and voting.

3. Whether, if in the opinion of the justices said bill was duly enacted, it is a constitutional exercise of legislative power.

On September 21, 1904, the Justices returned the following answer:

To His Excellency the Governor and to the Honorable Council:

We, the Justices of the Supreme Judicial Court, have considered the questions upon which our opinion was required by the order, a copy of which is hereto annexed, and we respectfully answer as follows.

The three questions present in different forms, in reference to different conditions, the single general question, Is chapter 458 of the Acts of the year 1904 a valid law under the Constitution of the Commonwealth? The third question is in these words: "Whether, if in the opinion of the justices said bill was duly enacted, it is a constitutional exercise of legislative power." As this relates to the substantive provisions of the statute, we will consider it first.

The statute directs payment "out of the treasury of the Commonwealth" of "the sum of one hundred and twenty-five dollars to every veteran of the civil war living at the date of the passage of this act, not being a conscript or a substitute, who served in the army or navy of the United States to the credit of Massachusetts during the civil war, and who was honorably discharged from such service: provided, that he has not received a bounty from any city or town or from the Commonwealth for such service; and provided, that he makes application for the said bounty prior to the first day of November in the year nineteen hundred and six." Section 6 authorizes an issue of bonds of the Commonwealth to provide for the payments to be made under the act, and authorizes an appropriation of money to pay the bonds, out of the sums that shall be received from the United

States government for expenses incurred by the Commonwealth in connection with the Civil War. Under the St. of 1903, c. 471, these sums are to be paid into the treasury of the Commonwealth for the reduction of the public debt, and the effect of the statute before us is to take from the treasury, for the payment of these bounties, money which ultimately can be replaced only by taxation. We are therefore brought to the question whether it is in the power of the Legislature to tax the people of the Commonwealth to provide money for this purpose.

It is a familiar rule of law that, under the Constitution of the Commonwealth, money can be raised by taxation only for public purposes. This rule has been stated and explained in many judicial opinions. See *Lowell* v. *Boston*, 111 Mass. 454, and cases hereinafter cited. Whether the use of money under the provisions of a particular statute is for a public purpose, or merely for the benefit of individuals, is sometimes a question difficult to answer, although usually it is easy of determination. In the present case, if the only object of the statute is to give gratuities to individuals of a certain class, without any benefit to the general public, the statute is unconstitutional.

In *Mead* v. *Acton*, 139 Mass. 341, a case which arose in regular judicial proceedings and was argued by counsel, questions were decided by our predecessors which are identical in principle with those now before us. The St. of 1882, c. 93, purported to authorize the town of Acton to raise money by taxation to pay a bounty of one hundred and twenty-five dollars each to certain soldiers who had re-enlisted in the Twenty-sixth Regiment of Massachusetts Volunteers, to the credit of the town, and who never had received any bounty for such re-enlistment. The court held the statute unconstitutional, saying in the opinion, among other things, " In the case at bar it seems to us clear that the object for which the town of Acton has raised this money is private, and not public. The town has made no promise to these soldiers, and is not under any obligation to pay them any bounties. The purpose is not to repay any sums advanced them as an inducement to enlist. . . . The war has been over for many years, and the payment of these bounties cannot encourage enlistments, or in any way affect the public service, or promote the public welfare. The direct

primary object is to benefit individuals, and not the public."
This case was approved and reaffirmed by the court in *King-man* v. *Brockton*, 153 Mass. 255. In the *Opinion of the Justices*, 175 Mass. 599, although a question was raised about some of the language of the court in *Mead* v. *Acton*, the case was assumed to have been correctly decided. In the opinion last mentioned this language was used: "The ground of decision in *Mead* v. *Acton*, 139 Mass. 341, which certainly went very far, was not a distinction between the direct and indirect action of the Legislature, but was that, because the war had been over so long, it was manifest that the public welfare could not be promoted by the payment of the proposed bounties, and therefore a statute attempting to authorize such a payment by any one attempted to divert public funds to private uses and was void. Possibly other reasons could have been invoked."
It is plain that there is no difference in principle between a statute purporting to authorize a town to raise money by taxation to pay bounties to soldiers who served on its quota in the civil war, and a statute purporting to authorize the State to perform an act of the same kind. We cannot sustain the present statute without departing from the law of the decision in *Mead* v. *Acton*, and disregarding a precedent which hitherto has been held to be correct.

It is to be noted that the present statute, like the statute before the court in the former case, deals only with bounties. It is called "An Act to provide for the payment of bounties to certain veterans of the civil war." Under the language of the first section the soldier must make "application for the said bounty." The kind of bounty is plainly indicated. It is such as many soldiers received from cities or towns, or from the Commonwealth, for such service; for the act provides that soldiers who received a bounty, either from a city or town or from the Commonwealth, shall receive nothing under this act. The manifest object of the statute is to give to soldiers, forty years after their enlistment, bounties similar to those that others had at the time of their enlistment.

Many statutes were enacted in Massachusetts in 1863, 1864 and 1865, in regard to the payment of bounties to volunteers. The ground on which they were held constitutional was not that

cities or towns or the State had a right to make gifts to volunteers, merely as gratuities, or as tokens of appreciation of their patriotism in volunteering to enter the military service of the United States. Bounties were not given in such a way or for such a purpose. They were given to help cities and towns to fill their quotas from time to time, under the calls of the President, "in the necessary defence and support of the government of the said Commonwealth, and the protection and preservation of the subjects thereof." This was the public purpose for which the money was raised, and which long ago was entirely accomplished. The reasons for the justification of the legislation as constitutional are stated in *Lowell* v. *Oliver*, 8 Allen, 247, 256, and in *Freeland* v. *Hastings*, 10 Allen, 570, 586–589. These grounds of justification are wholly inapplicable to a statute giving gratuitous bounties many years after the end of the war.

Nor is the present statute like the early statutes of this and other States in favor of soldiers of the Revolutionary War, referred to in the opinion in 175 Mass. 599. Those soldiers were in the military service of the several States, which were then our only recognized governments, while the soldiers referred to in this statute enlisted and were mustered into the military service of the United States. When military pensions are granted, it is fitting that they should be given by the government in whose army the soldiers served.

But in this opinion we need not consider the subject of pensions to soldiers, for the statute does not purport to grant pensions or rewards for meritorious service, or money for the relief of present necessities. It purports to give bounties now only to those who did not receive them at the time of enlistment, which, if given then, would have been given as inducements to enlist in the service of the United States. Under the provisions of this statute, those who enlisted without a bounty, under other influences or upon other inducements, would receive now as a gratuity this sum of money representing an additional inducement. The object of the act, as disclosed by its provisions, is not to give rewards in recognition of valuable services, and thus to promote loyalty and patriotism, but to equalize bounties given to induce enlistments in a particular military service many years ago.

Following the law as stated in *Mead* v. *Acton*, we are of opinion that the proposed expenditure of money is for a use which is not public, but private, and that therefore the statute is not in conformity with the Constitution of the Commonwealth.

From our understanding of the object of the questions submitted to us, we infer that our negative answer to the third question, already given, will satisfy all requirements of the Governor and Council for information as to the law that should govern them in their official action in reference to this statute. We are always reluctant to give opinions upon legal questions of grave importance without the aid of arguments of counsel. It is our duty to do this when required under c. 3, art. 2 of the Constitution, but only so far as our opinion is desired as an aid in the performance of official duties in regard to a matter then pending. In the belief that this opinion meets all requirements of the Governor and Council upon the present occasion, we ask to be excused from answering the first two questions.

MARCUS P. KNOWLTON.
JAMES M. MORTON.
JOHN LATHROP.
JAMES M. BARKER.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.