### Opinion of the Justices to the Senate.

Under the Constitution of the Commonwealth, c. 3, art. 2, it is not the duty of the justices of this court to answer a question from a branch of the Legislature upon an important question of law which is asked merely to obtain general information without reference to any proposed legislation.

A statute attempting to equalize the bounties paid to soldiers in the Civil War by giving to soldiers who served in that war under a contract of enlistment further compensation, because other soldiers enlisting in the same war at other times and places made more advantageous contracts, would be unconstitutional as authorizing taxation for a private purpose. Such a statute would not be changed in character, and so would not be made constitutional, by inserting in it recitals that the payments were authorized in recognition of valuable services with a view to the promotion of loyalty and patriotism.

Whether this Commonwealth might not grant pensions in recognition of the services of its citizens in the army of the United States, *quære*.

A statute providing for the reward of distinguished public services, with a view to the promotion of loyalty and patriotism, by the payment of money, the erection of statues, or the bestowal of medals, decorations or other badges of honor would be constitutional.

THE following order was passed by the Senate on April 20, 1906, and on April 24, 1906, was transmitted to the Justices of the Supreme Judicial Court:

Ordered, that the opinion of the Justices of the Supreme Judicial Court be required by the Senate upon the following important question of law: Is it a constitutional exercise of the legislative power of the General Court to enact a law providing for an appropriation of money from the treasury of the Commonwealth for the purpose of recognition of valuable services of persons who served to the credit of Massachusetts during the Civil War and who were honorably discharged from such service, such appropriation to be used either for the payment of sums of money to such persons, or for medals or other evidences of appreciation of their services, if in the opinion of the General Court the public good will be served, and loyalty and patriotism promoted, by such recognition?

On May 2, 1906, the Justices returned the following answer:

To the Honorable the Senate of the Commonwealth of Massachusetts.

The Justices of the Supreme Judicial Court have received the order of the Honorable Senate requiring their opinion upon the

following important question of law: "Is it a constitutional exercise of the legislative power of the General Court to enact a law providing for an appropriation of money from the treasury of the Commonwealth for the purpose of recognition of valuable services of persons who served to the credit of Massachusetts during the Civil War and who were honorably discharged from such service, such appropriation to be used either for the payment of sums of money to such persons, or for medals or other evidences of appreciation of their services, if in the opinion of the General Court the public good will be served, and loyalty and patriotism promoted, by such recognition?"

We are somewhat embarrassed by the form of the question and the mode of its presentation. The object of the constitutional provision that the Justices may be required to give opinions to the executive and legislative branches of the government, on important questions of law, is to enable these departments to have such assistance as may come from these opinions, in the performance of their official duties in regard to matters then pending. *Opinion of the Justices*, 186 Mass. 603. As these opinions are necessarily given without the aid of arguments of counsel, and as they may affect the rights of parties who have had no opportunity of being heard, even though they are of no binding force against litigants in the courts, they ought not to be given, except when needed in the consideration of an important matter of state that calls for official action. It is a usual practice, in presenting such questions, to direct attention to the particular subject under consideration in reference to which the opinion is desired. This practice is convenient and helpful, first, as showing expressly the existence of an occasion which justifies the Justices in giving their opinions, and, secondly, as enabling the Justices to understand the questions, in their practical application to the subject to which they relate. The most difficult questions of law often arise in the application of legal principles to concrete cases, rather than in the determination and statement of the principles themselves.

The question now presented does not point to any particular kind of legislative action as under consideration by the General Court. It is in the most general form, looking apparently to the subject of appropriating money from the treasury of the Com-

monwealth for any conceivable mode of recognition of services of honorably discharged soldiers, who served to the credit of Massachusetts in the Civil War. The inquiry relates to all such soldiers, and to recognition of their services by the payment of money, the bestowal of medals, or by other evidences of appreciation. If this appeared to be a question asked merely to obtain general information, without reference to any proposed legislation, it would be our duty to decline to answer it; but, notwithstanding the broad field traversed by it, we are inclined to assume that it has reference to some special subject which is before the Honorable Senate for consideration. We do this the more confidently because it has been stated publicly that a bill has been introduced in the Legislature, looking to the payment to persons who enlisted to the credit of Massachusetts as soldiers in the Civil War, of sums of money, equivalent to the differences between the bounties paid them on their enlistment and larger bounties received by other soldiers who enlisted at other times and in other places. We have no information of the form or language of this bill, if there is such a bill; but we think it proper to consider the question in its possible application to such a measure.

The general principle that the people can be taxed, in this Commonwealth, only for public purposes is established by many decisions. *Lowell* v. *Boston*, 111 Mass. 454. *Opinion of the Justices*, 155 Mass. 598, and cases cited. *Opinion of the Justices*, 182 Mass. 605. *Opinion of the Justices*, 186 Mass. 603. The power of the Legislature to appropriate money from the treasury of the Commonwealth, for any other than a public purpose, is no greater than its power to authorize a city or town to make a like appropriation. It was held by our predecessors in this court, more than twenty years ago, when the events of the Civil War and the successful efforts of Massachusetts to fill its quota were comparatively fresh in their memories, that a statute, authorizing the town of Acton to pay bounties to soldiers who enlisted in a certain regiment in 1864, and were credited to the town, was unconstitutional. This was a unanimous decision, made with deliberation, after hearing arguments of counsel. With the changes that have since been made from time to time in the membership of the court, it never has been overruled or

modified. It repeatedly has been referred to with approval in later decisions, and in the *Opinion of the Justices,* 186 Mass. 603, it was expressly reaffirmed. Notwithstanding an adverse dictum in one of the opinions, we do not understand that these decisions rest on the ground that the State cannot grant pensions as a reward for meritorious services, or to relieve those suffering from disease, wounds, or other disability, as a result of their exposure in war; but we understand them to rest on the ground that soldiers who made a contract for enlistment for such compensation, with or without a bounty, as was agreed to and deemed satisfactory, are bound by their contract, and that the making of more advantageous contracts by other persons enlisting at other times and in other places, and perhaps under very different conditions, does not give the first mentioned soldiers a standing to claim an additional sum beyond that received. The decisions are that payments, made to equalize the amounts accepted by them as inducements to the making of their contract with larger amounts received by other soldiers, would be mere gratuities, founded on no legal consideration, and not proper to be provided by compulsory taxation. Such payments are not founded on any difference in the nature of the services or in the merit of the soldier. They depend upon the amount received under the contract for military service, an arbitrary distinction which has no reference to the grounds on which pensions may be granted, or statues erected. Accordingly such statutes have been held unconstitutional. If it were possible to take a different view of this subject, we feel bound by decisions which have been the law of the Commonwealth for many years, and we find nothing to justify us in reversing them.

It is a familiar rule of law that a statute is to be interpreted in reference to its purpose and effect, as shown by its application to the subject to which it relates. If a bill should appear, by its substantive provisions, to be a measure for the equalization of bounties among the soldiers of Massachusetts who served in the Civil War, or for the payment of moneys to make the result of their contracts of enlistment more favorable to certain soldiers because the contracts of other soldiers were made on better terms, it would be unconstitutional, even if it contained recitals that the payments would be made in recognition of

valuable services, with a view to the promotion of loyalty and patriotism.

We cannot undertake to answer the question of the Honorable Senate in reference to every conceivable application of it. We infer that our opinion is desired in regard to the right of the State to give sums of money or other like rewards, in recognition of valuable military service. The power to reward distinguished public service, with a view to the promotion of loyalty and patriotism, has long been regarded as one of the attributes of organized government. *Opinion of the Justices*, 175 Mass. 599. It is exercised by the government of the United States and by other nations. The doubt which arises as to the rights of the states of this country in this respect grows out of our dual system of government. The federal government alone has power to declare war, and our soldiers in the Civil War were in the military service of the United States. So far as we have been informed, since the adoption of the federal constitution, none of the states has assumed to grant pensions to soldiers for service in the armies of the United States. For such purposes it is generally understood that our government is the federal government; but for many purposes, and in a certain field, Massachusetts is a sovereign state, maintaining an independent government. In another relation it is a member of the family of states, and a constituent force in the national organization. We are inclined to the opinion that, in this relation, it is so identified with the nation that it may treat the services of its citizens, who serve to its credit in the armies of the United States, as entitled to recognition from Massachusetts as a sovereign state. Each of us is a citizen of Massachusetts as well as a citizen of the United States. Massachusetts may honor her citizens for what they do for the national government, in those fields to which she sends them as her representatives under the constitution and laws of the United States.

The question asked by the Honorable Senate should be answered in the affirmative, so far as to say that the general principle referred to may have legitimate application to services such as generally have been treated as deserving recognition by the payment of sums of money, the erection of statues, or the bestowal of medals, decorations or other badges of honor. In

the application of the principle the question ordinarily will be, whether the benefit is conferred as an appropriate recognition of distinguished and exceptional service, such that the dignity of the State will be enhanced and the loyalty and patriotism of the people will be promoted by making it a subject of governmental action.

MARCUS P. KNOWLTON.
JAMES M. MORTON.
JOHN LATHROP.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.