## OPINION OF THE JUSTICES TO THE SENATE.

A statute providing for the payment of gratuities of $125 each to veteran soldiers and sailors still living, who volunteered in the Civil War and served in the army and navy to the credit of the Commonwealth and were honorably discharged and received no bounty, by which such gratuity is to be given as a testimonial for meritorious service for the purpose of promoting the spirit of loyalty and patriotism and not as a bounty or in equalization of bounties, would be constitutional. RUGG, C. J., separately stating his opinion, that the proposed statute would be in substance a measure for the equalization of bounties and would be unconstitutional.

THE following order was passed by the Senate on March 19, 1912, and on March 25, 1912, was transmitted to the Justices of the Supreme Judicial Court. On May 6, 1912, the Justices returned the answers which are subjoined.

ORDERED, That the opinion of the Justices of the Supreme Judicial Court be required by the Senate upon the following questions of law:

First. If the Legislature has the constitutional right to authorize the payment from the treasury of the Commonwealth of money, or the erection of statues, or the bestowal of medals, decorations or other badges of honor as appropriate recognition of distinguished and exceptional service to the Commonwealth, believing such recognition to be founded upon moral and honorable obligation and upon principles of right and justice, and believing further that the dignity of the State will be enhanced and the loyalty and patriotism of the people will be promoted by such action, and that the public good will be served, — is the action of the Legislature subject to review by the judicial branch of the government, or is the decision as to such appropriations left to the conscience of the Legislature?

Second. If the Legislature enacts a law providing for the payment of sums of money to certain veterans of the civil war who volunteered, believing that such recognition will serve the public good by bringing home to all minds by visible facts that, should the call again come for volunteers, those who offer their lives in defense of their country can receive such recognition from a grateful people, would the enactment of such a law be within the constitutional power of the Legislature?

AND BE IT FURTHER ORDERED, That the Justices of the Supreme Judicial Court be informed that the foregoing questions are propounded with a view to legislation upon the subjects therein mentioned, and that, for their more particular information, a copy of Senate document No. 240, being a bill accompanying a petition now pending in the Legislature and relating to the subject matter concerning which the foregoing questions are propounded, be transmitted to the justices.

[The bill Senate document No. 240 was entitled "An Act to provide for suitably rewarding certain veteran soldiers and sailors." See St. 1912, c. 702.]

To the Honorable Senate of the Commonwealth of Massachusetts:

We, the undersigned Justices of the Supreme Judicial Court, have received the questions of which a copy with the order relating thereto and the act referred to therein is hereto annexed, and respectfully answer as follows:

We construe the questions submitted to us as requiring our opinion concerning the constitutionality of the act referred to in the order, which is now pending in the Senate. It is only where it will be of assistance in pending matters that our opinion can be required.

The question is primarily one of taxation. Money can be raised by taxation only for a public purpose. And the question resolves itself into the inquiry whether the proposed expenditure will be for the public good, or for the private benefit of individuals. If the former, the act will be constitutional; if the latter, it will be unconstitutional.

The act provides for the payment of gratuities of $125 each to veteran soldiers and sailors still living, who volunteered in the Civil War and served during the war in the army or navy to the credit of the Commonwealth and were honorably discharged and received no bounty. Conscripts and substitutes are excluded by the express terms of the act. The gratuity is to be given for the purpose, as declared in the act, "of promoting the spirit of loyalty and patriotism, and in recognition of the sacrifice made both for the Commonwealth and for the United States by those veteran soldiers and sailors who volunteered their services in the Civil War, and for the purpose of promoting the public welfare, by giving visible evidence to this and future generations that, if danger should again threaten the nation and the call should again come for men, Massachusetts will not forget the great service of those who volunteer." It is expressly provided that the "gift shall not be a bounty, nor a payment in equalization of bounties, nor a payment for services rendered, nor a payment for the purpose of making the result of their contracts of enlistment more favorable to them because the contracts of other soldiers were on better terms, but a testimonial for meritorious service such as the Commonwealth may rightly give, and such as her sons may honorably accept and receive."

We are bound to take as true the purposes declared in the proposed act as those, and those only, which the Legislature has in view in its enactment. The good faith which is due from one co-ordinate branch of the government to another requires that assumption. But substance rather than form must be regarded,

and if it appears that notwithstanding the affirmations and negations contained in the act it will and must operate to authorize the payment of bounties similar to those which soldiers received at the time of their enlistment, or in equalization of such bounties, then it must be pronounced unconstitutional. *Mead* v. *Acton*, 139 Mass. 341. *Opinion of the Justices*, 186 Mass. 603. In both of the cases referred to it was held that the object of the statute was to give such bounties and that that could not be done for the reason that bounties were given to encourage enlistments and to aid towns and cities in filling their quotas and, the war being over, the payment of such bounties would now serve no public purpose, but would be for the private benefit of individuals. This was the sense in which the word "bounty" was used in *Mead* v. *Acton, supra,* and in the *Opinion of the Justices* cited above, and is the sense, we think, in which it is used in the act before us. Construing the act as it seems to us that it must and should be construed, it applies only to those cases where the soldier voluntarily enlisted in his own proper name from purely patriotic motives, without the payment of a bounty or other extraordinary pecuniary consideration, and served during the war and was honorably discharged. It cannot be said that a gratuity given, as the act declares, as "a testimonial for meritorious service" and in recognition of services rendered and sacrifices made, and not as a bounty or in equalization of bounties, must nevertheless be regarded as a bounty or as given in equalization of bounties. Nor can it be inferred from the fact that one of the conditions is that the gratuity shall not be paid to a person who has received a bounty, that it is intended as a bounty or as a payment in equalization of bounties. The question then is whether it is within the power of the Legislature to authorize the payment as "a testimonial for meritorious service" of gratuities to persons who come within the terms of the act as we construe it, if the Legislature is of the opinion that the payment of such gratuities to such persons in recognition of the sacrifices which they made and the motives which prompted them to enlist, will tend to encourage the spirit of loyalty and patriotism and so to promote the public good by affording visible evidence that if hereafter there should be a call for men the Commonwealth will not forget those who volunteer. On that question the *Opinion of the Justices* in 190 Mass. 611,

seems to us to be decisive. In that case a question was submitted by the Senate whether it was within the power of the General Court to appropriate money in recognition of valuable services performed by persons who served to the credit of Massachusetts during the Civil War and were honorably discharged, if in the opinion of the General Court the public good would be served and loyalty and patriotism promoted; — the money so appropriated to be used either for the payment of sums of money to such persons, or for medals or other evidences of appreciation of such services. The question was answered in the affirmative. See also the *Opinion of the Justices*, 175 Mass. 599. These two opinions show, we think, that it is within the constitutional power of the Legislature to authorize the payments provided for in the proposed act if in their judgment such payments will promote the public good in the manner described. It should be noted that a majority of the Justices sustained the constitutionality of the Veteran's Preference Act, so called, on grounds similar to those on which we think that the act before us must be held to be constitutional. See *Opinion of the Justices*, 166 Mass. 589, 595. A gift of money has in it an element of private benefit which does not pertain to the erection of a statue or a monument which all may see, or even to the gift of a medal or other badge of honor which may be handed down as an object of just pride to the donee's descendants. But, as in the case of pensions, it always has been recognized as one of the ways in which meritorious service may be rewarded. The war has long been over, but there is nothing in that fact which renders the act unconstitutional, however strongly it may bear upon the expediency of the proposed legislation. We need not say that if the real object of the proposed legislation is the payment of bounties or the equalization of bounties it is unconstitutional and money cannot be lawfully raised by taxation for that purpose.

Whether, taking all of the circumstances into account, the proposed legislation will be expedient, and whether gratuities such as it is proposed to give will tend to promote the public good by encouraging the spirit of loyalty and patriotism, is for the Legislature, acting under the responsibility of their official oaths, to say.

We answer the second question in the affirmative. The action

of the Legislature covered by the first question is not subject to review by the judicial branch of the Government.

> JAMES M. MORTON.
> JOHN W. HAMMOND.
> WILLIAM CALEB LORING.
> HENRY K. BRALEY.
> CHARLES A. DeCOURCY.

To the Honorable Senate of the Commonwealth of Massachusetts:

Questions from the legislative department are addressed to the Justices of the Supreme Judicial Court as individuals and require a statement of personal opinion. Being unable to assent to the views expressed by the other Justices, I respectfully give this as my answer:

It has been said repeatedly that the provision of the Constitution requiring the Justices to give opinions to each branch of the Legislature and to the Governor and Council is for the purpose of enabling these departments to gain such assistance as may come in this way in the performance of their official duties as to pending matters. *Opinions of the Justices*, 190 Mass. 611; 186 Mass. 603; 145 Mass. 587; 122 Mass. 600. Therefore these questions are interpreted as requiring an opinion as to the constitutionality of Senate Bill No. 240, referred to in the order.

The controlling constitutional principle relates to taxation. Public money comes from the people. The people can be taxed only for public uses. They cannot be required to contribute for the private benefit of any person or class of persons. Subsidiary to this general statement, there are two propositions as to gratuities to those who were soldiers in the Civil War. One is that the power to reward public service of unusually distinctive and pre-eminent character for the purpose of promoting patriotism and encouraging loyalty is an attribute of a sovereign government. This applies to Massachusetts, in dealing with those of her citizens who served to her credit in the armies of the United States, notwithstanding our dual system of government. *Opinion of the Justices*, 175 Mass. 599. *Opinion of the Justices*, 190 Mass. 611.

The other proposition is that there can be no gift to them for the purpose of equalizing bounties. Those who enlisted without

receiving such inducements at the time cannot be given now a sum of money for that reason. This is not a public use. That was decided directly in *Mead* v. *Acton*, 139 Mass. 341, and said in *Opinion of the Justices*, 186 Mass. 603, and in *Opinion of the Justices*, 190 Mass. 611. Such payments of money would not be based on any difference in the kind of service rendered or in the merit of the soldier, but upon an arbitrary distinction. This has been the constitutional law of the Commonwealth for many years. *Mead* v. *Acton*, 139 Mass. 341, was a case where the town of Acton was authorized by express act of the Legislature to pay $125 to certain soldiers who volunteered for service during the Civil War to the credit of the town, and who had received no bounty. There is no distinction in this respect between the power of the Legislature to authorize a city or town to appropriate money and to appropriate itself money from the treasury of the Commonwealth. It was said in that case: "The object for which the town of Acton has raised this money is private, and not public. The town has made no promise to these soldiers, and is not under any obligation to pay them any bounties. The purpose is not to repay any sums advanced them as an inducement to enlist. . . . The war has been over for many years, and the payment of these bounties cannot encourage enlistments, or in any way affect the public service, or promote the public welfare. The direct primary object is to benefit individuals, and not the public. In any view we can take of the statute, the payments it contemplates are mere gratuities or gifts to individuals." This language is unmistakable in meaning. It is the general and only ground of the decision. It was a judgment of the court in a case arising between parties touching the constitutionality of a statute. This decision was made and these words used in the light of the well established rule by which courts must be governed on such occasions, "that when a statute has been passed with all the forms and solemnities required to give it the force of law, the presumption is in favor of its validity, and that the court will not declare it to be a violation of the fundamental principles of our government, and for that reason void, unless its invalidity is established beyond reasonable doubt. . . . It is the duty of this court to presume that the Legislature intended to act under that portion [of the Constitution] which will support the statute and give it validity, unless its language is so clear and

explicit as to render it impossible by any reasonable construction so to interpret it." *Commonwealth* v. *People's Five Cents Savings Bank*, 5 Allen, 428, 431, 432. While "bounty" (the word of St. 1882, c. 93, under consideration in *Mead* v. *Acton*), as used in its narrower significance in 1863, 1864 and 1865, in statutes authorizing bounties to volunteer soldiers, meant money paid to induce enlistment, it has also the wider meaning of payments "in consideration of services rendered or to be rendered, objects of public interest to be obtained . . . or moral obligations to be recognized." *Allen* v. *Smith*, 173 U. S. 389, 402. In this comprehensive sense it includes even pensions. It is plain that it must have been used in this broader sense of including gratuities and testimonials for services already rendered in the donative words of the statute discussed in *Mead* v. *Acton*. The war had been ended a long time, and the payment could not have been thought to be an inducement for future service by the persons to whom it was to be paid. If the statute could have been sustained as a reward or recognition for distinguished services already rendered, it would have been upheld on that ground. Yet the court said that in no aspect of the statute could the payments required by it be held to be anything else than "mere gratuities or gifts to individuals." This case has been cited with approval many times by courts of this and other jurisdictions. In *Kingman* v. *Brockton*, 153 Mass. 255, the question was presented whether a town could be authorized to provide in a public building a hall for the meetings of a Post of Grand Army Veterans, and it was decided that this use of public money was not for a public purpose. Although it has been intimated that perhaps some language of the opinions in these cases went rather far (see *Opinion of the Justices*, 175 Mass. 599), no doubt ever has been or properly could be cast upon any of that here quoted, and the cases always have been treated as rightly decided and as binding authorities. They seem to me to be decisive against the constitutionality of the present bill.

St. 1904, c. 458, was an act providing for the payment of $125 from the treasury of the Commonwealth to certain veterans of the Civil War, to be selected in precisely the same way as that set forth in § 2 of the present proposed act. It was not described either as a bounty or a testimonial. Although the word "bounty" oc-

curred in the title of the act, it is apparent that it could not have been used by the Legislature in its narrow sense, but in the broader signification above defined. In the *Opinion of the Justices,* 186 Mass. 603, given to the Governor and Council, it was held, after ample discussion, that this statute was unconstitutional, although of course the Justices were bound to hold it a valid exercise of legislative power under the principle heretofore stated, if it had been in any way possible to do so, either as a recognition of sacrifice, a provocative of the spirit of loyalty, or a "testimonial for meritorious service."

It is a canon of constitutional interpretation that the declaration of purpose in an act of the Legislature must be accepted as true unless inconsistent with the meaning and effect of its operative features. If a public use is stated by the words of the act, it will be held to be constitutional, unless its provisions can have no tendency to advance such public use. *Hazen* v. *Essex Co.* 12 Cush. 475, 477. *Flint* v. *Stone Tracy Co.* 220 U. S. 107, 145.

The proposed act must be examined in the light of these principles and these decided cases. The title is "An Act to provide for suitably rewarding certain veteran soldiers and sailors." Sections 1 and 2 contain elaborate description of patriotic motive and desire to cultivate loyalty. Taken by themselves alone and dissociated from the context or applied to other appropriate subjects, these words declare a constitutional purpose. But when statutes authorizing the expenditure of public money are under consideration, it is their substance and not their verbal dress and setting which governs. An object which in essence is unconstitutional cannot be made harmless merely by a name.

This act does not undertake to reward all volunteers. It selects a specified class. It does not base the determination of that class upon any difference in hardships undertaken or sufferings undergone, bravery shown on the battle field, or soldierly fortitude exhibited in any experience of war. Those designated as recipients of the gratuity are the living and honorably discharged volunteers who were neither conscripts nor substitutes, and who did not receive a bounty from the Commonwealth or one of its municipalities. A bounty, as that word was used in the Civil War statutes, was connected with the contract of enlistment, and had no relation whatever to service rendered. It had no reference to

"meritorious service" to the Commonwealth or nation, because necessarily it ante-dated such service. Hence the fact that it was not received cannot furnish the foundation for a "testimonial for meritorious service" (which are the words of the act). This is not a classification based on merit in the kind of work done or on any special heroism displayed. It is founded upon a circumstance arising before any service was rendered. It is not grounded upon any legal or moral obligation. It is based wholly upon an accidental condition quite independent of any military or naval duty performed for the nation. A payment on these considerations is not in the public interests, and cannot have any tendency to promote patriotism in a general public sense. A purely arbitrary selection of persons who are to receive gratuities cannot promote the public welfare. It was said in *Opinion of the Justices,* 190 Mass. 611, 614, respecting the same subject matter, about which inquiry is now made: "It is a familiar rule of law that a statute is to be interpreted in reference to its purpose and effect, as shown by its application to the subject to which it relates. If a bill should appear, by its substantive provisions, to be a measure for the equalization of bounties among the soldiers of Massachusetts who served in the Civil War, or for the payment of moneys to make the result of their contracts of enlistment more favorable to certain soldiers because the contracts of other soldiers were made on better terms, it would be unconstitutional, even if it contained recitals that the payments would be made in recognition of valuable services, with a view to the promotion of loyalty and patriotism."

This language applies exactly to the provisions of the bill now presented to us. Its payments are based avowedly and exclusively on the single ground that the class proposed to be benefited has not received a bounty. Its substance, in the number and character of volunteer soldiers to be benefited, in the manner of their selection, in the amount of money to be paid to each, and in the total to be paid from the public treasury, is precisely the same as in statutes or bills heretofore declared unconstitutional upon principles which are uncontrovertible and are well settled. A more emphatic assertion of patriotic purpose on the part of the Legislature cannot change the nature of the acts to be done. Elegant rhetorical phrases do not alter the constitutional aspects of a statute whose substance remains the same.

No one realizes better than the undersigned how ungracious it may seem to decide against a statute for rewards to veterans of the Civil War, but it is our duty to interpret the Constitution without yielding to the impulses of patriotic emotion. I feel obliged to answer that the Senate Bill No. 240 would be unconstitutional if enacted.

Mr. Justice Sheldon asks to be excused from answering because of a possible personal interest in the subject matter of the proposed legislation.

ARTHUR P. RUGG.