# SUPPLEMENT

### OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

The indirect use through a public agency of money, raised by taxation by the Commonwealth, for insuring certain privately owned and managed corporations against loss through loans upon home mortgages or home construction mortgages, for discounting obligations evidencing such mortgages, and for direct loans upon such mortgages would not be for a public purpose and would be contrary to the Constitution of the Commonwealth; such use would not be authorized by art. 43 or art. 47 of the Amendments to the Constitution.

The guaranteeing by the Commonwealth of bonds issued by a publicly owned and managed corporation established to engage in the business of insuring certain privately owned and managed corporations against loss through loans upon home mortgages or home construction mortgages, of discounting obligations evidencing such mortgages, and of making direct loans upon such mortgages would violate the provisions of art. 62 of the Amendments to the Constitution of the Commonwealth relative to the use of the credit of the Commonwealth.

The establishment of a corporation to be owned by the Commonwealth and managed by certain public officials *ex officiis* and additional citizens appointed by the Governor with the advice and consent of the Council, as a new agency of government, would violate art. 66 of the Amendments to the Constitution of the Commonwealth if the corporation were not subjected to such supervision and regulation as the General Court might prescribe by law.

An answer by the Justices was not required to a question submitted to them in an order adopted by a branch of the General Court, "Would . . . [a certain] bill, if enacted into law, be unconstitutional on any ground not hereinbefore specified?"

On April 29, 1935, the House of Representatives adopted the following order:

WHEREAS, There is pending before the General Court a bill, entitled "An Act creating the Home Security Corporation of Massachusetts and defining its Powers

and Duties" (printed as House, No. 1746), a copy whereof is hereto annexed; and

WHEREAS, Said bill provides substantially that a corporation be established, the affairs of which shall be directed by a board of directors consisting of certain public officials, ex officiis, and of other persons to be appointed by the Governor with the advice and consent of the Council, and the funds for carrying on the business of which shall be obtained from the Commonwealth by subscription to all the capital stock of such corporation and from the proceeds of the sale of its bonds, which shall be fully and unconditionally guaranteed by the Commonwealth, both as to interest and principal, and shall be exempt from taxation, and further provides substantially that said corporation is empowered to insure under sections twenty-four to thirty-two, inclusive, of said bill privately owned and managed banks and other institutions and corporations or associations, referred to in section six of said bill, which enter into and perform agreements or contracts with said corporation, as provided in section seven of said bill, against loss through loans upon home mortgages or home construction mortgages, both as defined in section one of said bill, and to discount obligations evidencing such home mortgages, as provided in sections ten to thirteen, inclusive, of said bill, and under certain conditions to loan its funds directly upon such home mortgages or home construction mortgages, as provided in sections fifteen to twenty-three, inclusive, of said bill; and

WHEREAS, The House of Representatives is of the opinion that the General Court ought not to proceed further in its consideration of said bill until certain grave constitutional questions arising in connection therewith are disposed of; therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required upon the following important questions of law:

1. Would the expenditure of money, raised or to be raised by taxation, for insurance, discounts or loans, as

provided for by said bill, be for purposes other than public services, public uses or public objects as authorized by the Constitution of the Commonwealth?

2. Would the guaranteeing by the Commonwealth of bonds of the proposed corporation, owned and directed as provided in said bill, the proceeds of which bonds are to be used for the insurance, discounts and loans provided for in said bill, violate the provisions of Article LXII of the Amendments to said Constitution relative to the giving or loaning of the credit of the Commonwealth?

3. Would said bill, if enacted into law, be in violation of Article LXVI of the Amendments to said Constitution because of failure to provide that the board of directors of the proposed corporation shall serve directly under the Governor or the Council or be placed in a state department?

4. Would said bill, if enacted into law, be unconstitutional on any ground not hereinbefore specified?

The order was transmitted to the Justices on May 1, 1935, and on May 14, 1935, they sent the following answers:

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions in an order adopted on April 29, 1935, copy whereof is hereto annexed.

The questions relate to a proposed bill for the establishment of a corporation to be operated by a board of directors consisting of certain existing public officials and additional citizens appointed by the Governor with the advice and consent of the council. The funds for carrying on its business are to be obtained from the Commonwealth by subscription to all its capital stock and from the sale of its bonds which are to be fully and unconditionally guaranteed by the Commonwealth. The business of the corporation is (1) to insure privately owned and privately managed banks and other corporations and associations,

which enter into and perform agreements or contracts with the corporation, against loss through loans upon home mortgages or home construction mortgages, (2) to discount obligations evidencing such home mortgages, and (3) to lend its funds directly upon such mortgages or upon home construction mortgages.

1. The money to be used by the corporation must be obtained directly or indirectly through the exercise of the power of taxation by the Commonwealth. The subscriptions to the capital stock of the corporation must come from that source. The guaranty of the bonds of the corporation by the Commonwealth rests ultimately upon the same source.

The corporation appears to be designed to be in a sense a governmental agency although it has some of the characteristics of a private corporation. *Sloan Shipyards Corp.* v. *United States Shipping Board Emergency Fleet Corp.* 258 U. S. 549. *United States* v. *McCarl,* 275 U. S. 1. The questions in the order are based on the theory that the corporation is an agency of government. It is not privately owned or managed.

The proposed bill puts the Commonwealth deeply into the business of lending money upon mortgages on real estate. That is not a public purpose. After the great fire of 1872 a statute was enacted purporting to authorize the city of Boston to borrow money in order to lend it to landowners for rebuilding on the burned area. It was held in *Lowell* v. *Boston,* 111 Mass. 454, that this was not a public purpose for which public money under the Constitution could be used. That decision is decisive against the proposed bill. See also *Mead* v. *Acton,* 139 Mass. 341; *Opinion of the Justices,* 186 Mass. 603; 204 Mass. 607; 211 Mass. 624; *Salisbury Land & Improvement Co.* v. *Commonwealth,* 215 Mass. 371; *Duffy* v. *Treasurer & Receiver General,* 234 Mass. 42, 50.

The power conferred upon the General Court by art. 43 of the Amendments to the Constitution to take land for the purpose of relieving congestion of population and pro-

viding homes for citizens does not authorize the Commonwealth to go into the business of lending money upon homes either directly or indirectly. The extension of public functions by art. 47 of the Amendments to the Constitution so as to include the "providing of shelter" "during time of war, public exigency, emergency or distress" falls far short of embracing the insurance of real estate values and the money lending business as set forth in the proposed bill.

The first question is answered "Yes."

2. If the corporation established by the proposed bill were a public agency for a proper purpose, doubtless the credit of the Commonwealth might be given or lent to it. But the business of the corporation as set forth in the bill contemplates the giving or lending of credit to the participant corporations, § 10, and the insurance of the mortgages held by the participant corporations. §§ 24 to 32. The participant corporations are clearly corporations privately owned and managed. § 6. The credit of this public agency created, financed and managed by the Commonwealth is thus given or lent in aid of such private corporations. The Commonwealth cannot do through such a public agency as the proposed corporation that which it is forbidden to do directly. This would be plainly in violation of art. 62 of the Amendments to the Constitution, which prohibits the use of the credit of the Commonwealth "to or in aid of any individual, or of any private association, or of any corporation which is privately owned and managed." *Opinion of the Justices,* 261 Mass. 523, 542, 543.

The answer to the second question is "Yes."

3. The executive and administrative work of the Commonwealth was organized into twenty departments as required by art. 66 of the Amendments to the Constitution. A new agency of government like the proposed corporation ought to be under such supervision and regulation as the General Court may prescribe by law. Art. 66. That is a legislative function. We are of opinion that omission of a provision of that nature would be in violation of art. 66. *Opinion of the Justices,* 271 Mass. 582, 594. G. L. (Ter.

Ed.) c. 30, § 2, first a part of St. 1919, c. 350, § 1, was enacted with a different design.

The third question is answered "Yes."

4. The fourth question requires no answer. *Opinion of the Justices*, 261 Mass. 556, 613. The answers already given are conclusive against the proposed bill.

> ARTHUR P. RUGG.
> JOHN C. CROSBY.
> EDWARD P. PIERCE.
> FRED T. FIELD.
> CHARLES H. DONAHUE.
> HENRY T. LUMMUS.
> STANLEY E. QUA.