MAYOR OF SOMERVILLE *vs.* JUSTICES OF THE POLICE COURT OF SOMERVILLE.

Suffolk. January 13, 1915. — February 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Police,* Retirement. *Civil Service. Police, District and Municipal Courts.*

Under St. 1911, c. 624, giving to "every person now holding or hereafter appointed to an office classified under the civil service rules of the Commonwealth," excepting the district police and members of the police departments of the metropolitan park commission and of Boston, "who is removed therefrom, lowered in rank or compensation, or suspended, or without his consent transferred from such office or employment to any other," a right, within ten days after the hearing provided for by St. 1904, c. 314, § 2, as amended by St. 1905, c. 243, to bring a petition in the police, district or municipal court within the district where he resides for a review of the action complained of, the Police Court of Somerville has jurisdiction to hear and determine a petition by a cap-

---

* By order of *Wait,* J., by whom the case was heard upon an agreed statement of facts.

tain in the police department of that city for a review of the action of the mayor and aldermen in retiring him from active service and placing him on the pension roll at half pay under St. 1903, c. 428, as amended by St. 1909, c. 188.

RUGG, C. J. This is a petition brought by the mayor of Somerville to prohibit the justices of the Police Court of Somerville from acting further upon a petition of one Perry now pending in that court.* The salient facts are these: Perry was a captain in the police department of Somerville. In June the mayor and aldermen of Somerville retired him from active service and placed him on the pension roll, acting under St. 1903, c. 428, as amended by St. 1909, c. 188, in force in Somerville. That statute authorizes the mayor and aldermen, upon request of the chief of police, to retire any member of the police department under certain conditions not here of consequence, "if, in the judgment of said board, such member is disabled for useful service in the department," such retired member to receive as compensation one half the amount of his compensation while on active

---

* The petition for a writ of prohibition was heard by *Hammond*, J., who ordered that the petition should be dismissed. The petitioner alleged exceptions.

St. 1911, c. 624, reads as follows: "Every person now holding or hereafter appointed to an office classified under the civil service rules of the Commonwealth, except members of the police department of the city of Boston, of the police department of the metropolitan park commission, and except members of the district police, whether appointed for a definite or stated term, or otherwise, who is removed therefrom, lowered in rank or compensation, or suspended, or, without his consent, transferred from such office or employment to any other, may, after a public hearing, as provided for by section two of chapter three hundred and fourteen of the acts of the year nineteen hundred and four, as amended by chapter two hundred and forty-three of the acts of the year nineteen hundred and five, and within ten days after such hearing, bring a petition in the police, district or municipal court within the judicial district where such person resides, addressed to the justice of the court and praying that the action of the officer or board in removing, suspending, lowering or transferring him may be reviewed by the court, and after such notice to such officer or board as the court may think necessary, it shall review the action of said officer or board, and hear the witnesses, and shall affirm said order unless it shall appear that said order was made by said officer or board without proper cause or in bad faith, in which case said order shall be reversed and the petitioner be reinstated in his office. The decision of the justice of said police, district or municipal court shall be final and conclusive upon the parties."

duty. The retirement of Perry was made on the recommendation of the chief of police and the mayor after a public hearing by the board of aldermen. After his retirement Perry brought a petition in the Police Court of Somerville praying that this action of the mayor and aldermen be reviewed. The petition was brought under St. 1911, c. 624. The question to be decided is, whether that statute applies to a member of the police department retired upon a pension. Its material words are, — "every person now holding or hereafter appointed to an office classified under the civil service rules of the Commonwealth [with exceptions not now material] who is removed therefrom, lowered in rank or compensation, or suspended, or without his consent transferred from such office or employment to any other, may . . . bring a petition in the police" court within the district in which he resides, praying for a review of the action complained of.

The petitioner urges that the statute does not apply to a retirement upon a pension. The numerous recent statutes relating to pensions to which the petitioner calls attention show that the words "pension" and "retire" have been used many times in a special legislative significance as designating the act of pensioning. From this he draws the argument that the words employed in St. 1911, c. 624, do not and could not have been intended to comprehend a retirement upon pension, because, if such had been the purpose, special words, so frequently used in the pension acts, would have been inserted to that end. It is said further that the obvious design of the statute is to reinforce the civil service law and to prevent a circumvention of its provisions and spirit by an arbitrary exercise of executive power, and that the pension law has the same general purpose of promoting the efficiency of public service, and that hence there is no reason for making the process of pensioning subject to a review established with a different aim. These are considerations of weight and they have been put persuasively in behalf of the petitioner. But they are not quite convincing.

The language of St. 1911, c. 624, is comprehensive. It is accompanied by no words of exception or limitation. There is nothing to indicate that it was not intended to have the broad scope and the inclusive sweep and force which its natural meaning imports. The statute refers to "every person" who holds an

office like that held by Perry. No one is excepted save a class not here material. It confers the right to ask a review upon every such person who is removed, lowered in rank or compensation or transferred without his consent to another office or employment. The particular method is not specified by which such result must be effected in order that review may be asked. If any one of these consequences follows from the action taken by the executive officer or board, then the person upon whom that consequence falls has the right to petition for a review. That right is conferred in terms which are absolute and unequivocal. It does not depend upon any other condition than the single one of suffering some of the consequences set forth. When that outcome reaches him, then the right to petition for review accrues.

Without question the direct and immediate effect of retiring Perry upon a pension was to remove him from the list of active officers and place him on the retired list. Doubtless this was a removal from office in the sense in which those words are used in the statute. If it was not a removal from office, at least it was a transfer to another grade of service. Moreover, it reduced his compensation by one half. These results are among those precisely and accurately described in the statute as constituting grounds for the petition for review. If it had been the purpose of the Legislature to exclude results happening from the particular cause of retiring upon pension from those which entitle one to petition for the review, it would have been simple to express that purpose in unambiguous terms by making an unmistakable exception. It was done in St. 1909, c. 453, respecting members of the metropolitan police. We cannot read into the statute here under consideration an exception which is not there in terms and which does not arise by fair implication from examination of the subject matter or from other provisions of law.

The conclusion is that the respondents have jurisdiction to consider the petition for review brought by Perry and therefore the writ of prohibition cannot issue.

*Petition dismissed without costs.*

*F. W. Kaan*, for the petitioner.

*E. P. Fitzgerald*, for the respondents.