THOMAS S. RICH & others *vs.* MAYOR OF MALDEN & others.

Middlesex.     March 27, 1925. — April 18, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Public Officer,* Retirement if incapacitated. *Municipal Corporations,* Officers and agents. *Equity Pleading and Practice,* Bill, Demurrer.

G. L. c. 32, § 57, as amended by St. 1923, c. 386, is constitutional.

In a bill in equity by ten taxable inhabitants of a city to enjoin the payment of half pay on retirement to an inspector of buildings of the city, which had been ordered by the mayor, purporting to act under G. L. c. 32, §§ 57, 59, 60, it was alleged that the mayor in retiring the officer, while not acting fraudulently or corruptly, abused his discretion. There was annexed to the bill a copy of the mayor's order and a certificate of a physician who examined the officer, which showed a physical

condition warranting the issuance of the order. The order did not show that the mayor had passed on the question, whether the officer's total income from all sources, exclusive of such retirement allowance and any sum received from the government of the United States as a pension for war service, did not exceed $500. The bill alleged that the officer was not incapacitated and that his income above the stated exception exceeded $500. The defendants demurred to the bill. *Held,* that

(1) The demurrer did not admit the conclusion of law that the mayor had abused his discretion;

(2) The case was treated by this court on the assumption that the officer was a public officer and not an employee or agent of the city;

(3) The plaintiffs had a right to have decided the question, whether the officer in fact was so incapacitated, and whether his total income was of such an amount, that he was entitled to the benefit of the statute;

(4) The demurrer should be overruled.

BILL IN EQUITY, filed in the Superior Court on December 31, 1924, and afterwards amended, by ten taxable inhabitants of Malden against the mayor and the treasurer of that city, and C. George W. Bagge, to enjoin the payment to the defendant Bagge of half pay under a retirement order made by the defendant mayor.

The defendants demurred. The demurrer was heard, as applicable to the bill as amended, by *Morton,* J., and by his order there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill. The plaintiffs appealed.

The case was submitted on briefs.

*J. F. Neal,* for the plaintiffs.

*G. S. Harvey & F. W. Campbell,* for the defendants.

BRALEY, J. The defendant Kimball, mayor of the city of Malden, acting under G. L. c. 32, §§ 56–60, as amended by St. 1923, c. 386, retired the defendant Bagge, inspector of buildings, on half pay, which imposed upon the taxable inhabitants an annual expenditure during his life of $1,100 payable in monthly installments. If the statute is unconstitutional, as the plaintiffs contend, all other questions raised by the amended petition, and the demurrer of the defendants, on which the case is before us, need not be considered.

The bill contains no allegation that Bagge was not a veteran of the Spanish War within the definition of § 56.

But citing *Mead* v. *Acton*, 139 Mass. 341, and *Kingman* v.
*Brockton*, 153 Mass. 255, it is urged, that St. 1920, c. 574,
now G. L. c. 32, §§ 56–60, having been passed twenty-two
years after that war closed, the payment of a retiring allow-
ance, or pension, to a veteran of that war is a grant of public
money for a private use.     It was said, however, in *Opinion
of the Justices*, 175 Mass. 599, 603, that some of the language
used in *Mead* v. *Acton* and *Kingman* v. *Brockton* may need
qualification.   The opinion recognizes the power of the Legis-
lature to provide pensions for military service even after the
event.     It also recognizes that the Legislature may give
rewards for what was conspicuous public service.     It is very
largely for the Legislature to determine whether the public
welfare calls for such recognition.     The fundamental ques-
tion was again presented in *Opinion of the Justices*, 190 Mass.
611, and 240 Mass. 616, in which the same general conclu-
sion was reached.     The Legislature can confer on veterans
of the Spanish War a preference in the classified civil service
which may carry with it under G. L. c. 32, §§ 56–60, the privi-
lege of a pension.   *Opinion of the Justices*, 166 Mass. 589.
G. L. c. 31, §§ 21–28.   *Phillips* v. *Metropolitan Park Com-
mission*, 215 Mass. 502, 506.   See *Kellogg* v. *Waite*, 12 Allen,
529, 530.   The statute granting to a veteran of the Spanish
War, in recognition of meritorious military service, a pension
or retiring allowance of half pay, if he enters upon public
employment under conditions to which we shall presently
refer, therefore is constitutional.

The pertinent provisions of the statute in question are
contained in § 57 as amended by St. 1923, c. 386.   It reads:
"A veteran who has been in the service of the Commonwealth,
or of any county, city, town or district thereof, for a total
period of ten years, may, upon petition to the retiring author-
ity, be retired, in the discretion of said authority, from active
service, at one half the regular rate of compensation paid to
him at the time of retirement, and payable from the same
source, and if he is found by said authority to have become
incapacitated for active service;   provided, that he has a
total income, from all sources, exclusive of such retirement
allowance and any sum received from the government of the

United States as a pension for war service, not exceeding five hundred dollars." By § 59 the words "retiring authority" mean as to a city, the mayor, who by § 60 is also authorized to accept the provisions of the four preceding sections.

It not being alleged that Bagge had not served for a total period of ten years, or had not asked for retirement, it may be assumed that those conditions are not questioned. The plaintiffs, while not alleging that the mayor acted fraudulently or corruptly, do charge that in retiring Bagge he abused his discretion. But the certificate of the physician who examined Bagge, which the mayor transmitted to the city council as part of his order, warranted the exercise of his discretion as to Bagge's physical condition, and this allegation, which is a conclusion of law, is not admitted by the demurrer. It is unsupported by the record.

The action taken by the mayor also was sufficient under § 60 to show his acceptance of the statute to which he makes specific reference in the order of transmittal. It may be said in this connection that the mayor acts under the statute in the exercise of his executive and administrative functions. In no sense is he constituted a tribunal clothed with judicial powers, and the remedy of the plaintiffs, if the order was illegal, is under G. L. c. 40, § 53. *Rollins* v. *Salem*, 251 Mass. 468.

It is further alleged that Bagge was not, as matter of fact, incapacitated, which issue the plaintiffs are entitled to contest.

But, even if the original bill with this exception failed to state a case for relief, the allegations in the amendment are, that Bagge, having been appointed annually for one year by the mayor and board of aldermen under the revised ordinances of the city, was a public officer, and that when the mayor issued the order, his income was in excess of $500. The demurrer admits, and we assume, that Bagge was a public officer and not an employee or agent of the city. *Goldstein* v. *Conner*, 212 Mass. 57. *Kilgour* v. *Gratto*, 224 Mass. 78. G. L. c. 143, §§ 6, 14, 48, 61. The distinction between a public office and an employment is pointed out with full citation of cases in *Attorney General* v. *Tillinghast*,

203 Mass. 539, 543, 544. The plaintiffs contend that, being a public officer, Bagge cannot be classed as an employee and consequently he is not within the purview of the statute. See *Brown* v. *Russell*, 166 Mass. 14. The office of inspector of buildings is neither a constitutional nor an elective office, and no question of the preference of veterans under our civil service law can arise on this aspect of the case. The provisions as to appointment of policemen may depend on the terms of the charter or ordinances of the city. G. L. c. 143, § 6. *Graham* v. *Roberts*, 200 Mass. 152. *Barnes* v. *Mayor of Chicopee*, 213 Mass. 1, 4. But a policeman who is empowered to serve criminal process is a public officer. *Commonwealth* v. *Kane*, 108 Mass. 423. *Brown* v. *Russell, supra.* And it is settled that he can be retired on a pension if the Legislature so enacts. *Malcolm* v. *Boston*, 173 Mass. 312. *Moffatt* v. *Mayor of Lowell*, 215 Mass. 92. *Mayor of Somerville* v. *Justices of the Police Court of Somerville*, 220 Mass. 393. G. L. c. 32, § 83. We are accordingly of opinion that a building inspector stands on the same footing.

The amount of Bagge's income, as well as the question of his physical capacity, was, however, to be determined by the mayor. It was a condition precedent to his retirement even if he was otherwise eligible. Under the wording of the order, the mayor does not appear to have passed expressly upon the question of income. But if, without deciding, it is assumed from his final action that he must have done so, the plaintiffs have the right to show, if they can, that Bagge also failed to bring himself within this requirement.

The result is, that the interlocutory decree sustaining the demurrer, and the final decree dismissing the bill, are reversed, and the case is to stand for further proceedings not inconsistent with this opinion.

*Ordered accordingly.*