CATHERINE E. LAWLESS, administratrix, *vs*. CITY OF
WALTHAM.

Middlesex.    December 2, 1926. — January 6, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Pension.    Municipal Corporations*, Officers and agents.

A laborer, who was employed by a city which has accepted the provisions of
  Sts. 1912, c. 503; 1919, c. 21, and who, after being incapacitated for work
  as the result of injuries received in the performance of his duties, has
  applied to be retired on a pension under the statutory provisions, upon
  approval of his application and the issuance by the mayor of an order
  directing the payment of the pension beginning on a certain date over
  fifteen months after the beginning of his incapacity, is not entitled to
  recover any pension for a period previous to the date stated in the order
  of the mayor.

CONTRACT.    Writ dated May 9, 1924.

In the Superior Court, the action was heard by *McLaughlin*, J., without a jury, upon an agreed statement of facts.
Material facts are stated in the opinion.    The judge found
for the defendant.    The plaintiff appealed.

*W. H. Walker*, for the plaintiff.

*J. J. Flynn, Jr.*, City Solicitor, for the defendant.

SANDERSON, J. The plaintiff's intestate, Lawrence Michael Lawless, had been employed by the defendant as a
laborer from August, 1892, to May 10, 1918, when he became
incapacitated for work as the result of injuries received in
the performance of his duties.    On that date he made application to be retired on a pension, under the provision of St.
1912, c. 503, as amended by St. 1919, c. 21.    This act had
been accepted by the city.    On October 10, 1919, the mayor
of the city approved the application and retired the applicant
upon an annual pension beginning October 1, 1919.    The
pension was paid in accordance with that order from the date
last mentioned until December 8, 1923, when Lawless died.

The intestate's incapacity for labor caused by the injuries continued from May 10, 1918, until his death.    It is

the plaintiff's contention that under the provisions of the statute her intestate was entitled to the pension from the date when he became incapacitated to October 1, 1919, when payments were begun in accordance with the terms of the mayor's approval, and she is seeking to recover for that period in this action. The material parts of the statutes under consideration are, in substance, that a laborer in the situation of the plaintiff's intestate may at his request, with the approval of the mayor, be retired from service, and "if so retired he shall receive from the city . . . for the remainder of his life, an annual pension . . . ." The only condition under which the pension could be paid under this act is that the applicant shall be retired with the approval of the mayor, and the statute must be construed to mean that he shall receive the compensation, therein provided, for the part of his life remaining after the date fixed in the retirement order. It follows that judgment is to be entered for the defendant in accordance with the order of the Superior Court.

*So ordered.*