JOHN J. BUSHELL *vs.* MAYOR OF MALDEN & another.

Middlesex.    March 14, 1927. — July 1, 1927.

Present: RUGG, C.J., BRALEY, CARROLL, & WAIT, JJ.

*Malden. Police,* Retirement. *Municipal Corporations,* Officers and agents. *Mandamus. Pension.*

Under G. L. c. 32, § 83, accepted by the city of Malden, and St. 1911, c. 16, § 2, the police commissioner of that city had power to retire upon a pension an officer of the police department who, after more than twenty years of service, in the judgment of the commissioner had become disabled from performing useful service in the department by reason of disability, duly certified by the city physician.

Such pension having been lawfully granted, the city was bound to pay it, and an action of contract therefor could be maintained by the petitioner, who was not removed from office but was transferred from active duty and still was subject to such temporary service as he might be able to perform.

The police officer, being entitled to maintain an action at law against the city to compel payment of the pension, could not maintain a petition for a writ of mandamus for that purpose.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on June 18, 1926, for a writ of mandamus commanding the respondent mayor of Malden to sign warrants for payment of a pension to the petitioner and directing the respondent treasurer to pay such pension.

The petition was referred to an auditor and afterwards was heard by *Pierce,* J., upon the auditor's report and other evidence. The respondent asked for the following rulings:

"1. That under the provisions of St. 1911, c. 16, § 5, a member of the police department cannot be retired on a pension by the police commissioner, acting independently of the mayor and city council.

"2. That the police commissioner of Malden exceeded the authority conferred upon him by the provisions of St. 1911, c. 16, in attempting to retire the petitioner on a pension.

"3. That under the provisions of St. 1911, c. 16, a member of the police department of the city of Malden cannot be retired on a pension without the concurrent action of the mayor, city council and police commissioner.

"4. That the petitioner is not disabled for useful service in the department within the meaning of G. L. c. 32, § 83, if he is able to perform the duties of a patrolman, except in cases of emergency requiring great stress or strain.

"5. That upon the facts set forth in the petition the petitioner is not eligible for retirement on a pension under the provisions of G. L. c. 32, § 83.

"6. That if the petitioner is unable to perform full police duty or every conceivable duty, he is not thereby rendered eligible for retirement under the provisions of G. L. c. 32, § 83.

"7. That the letter of the city physician referred to in the petition does not set forth facts sufficient to justify the police commissioner in adjudging the petitioner eligible for retirement under the provisions of G. L. c. 32, § 83."

"9. That the letter of the city physician, a copy of which is annexed to the petition on file herein, was the only basis upon which the police commissioner adjudged said petitioner to be disabled for useful service in the department, and the act of the police commissioner in attempting to retire said petitioner upon a pension on the ground of such adjudication was null, void and of no effect.

"10. That the letter of the city physician, a copy of which is annexed to the petition filed herein, did not furnish sufficient basis for adjudging said petitioner to be disabled for useful service in the department within the meaning of G. L. c. 32, § 83, or for the retirement of said petitioner.

"11. That upon all the evidence the petitioner is not disabled for useful service in the department within the meaning of G. L. c. 32, § 83."

"15. That the judgment of the police commissioner based wholly upon the letter of the city physician was not a reasonable exercise of his discretion.

"16. That the judgment of the police commissioner based wholly on said letter of the city physician was not a judgment rendered in good faith.

"17. That a judgment of the police commissioner that the petitioner was disabled for useful service in the department based wholly upon the letter of the city physician was not a reasonable conclusion to be drawn from that fact.

"18. That the judgment of the police commissioner based wholly upon said letter of the city physician was not a judgment of said Commissioner within the meaning of G. L. c. 32, § 83.

"19. That the petitioner has a full, complete and adequate remedy at law and is not entitled to have the issues herein raised heard and determined in this proceeding."

The single justice refused the requests above quoted, found that the petitioner was disabled for useful service in the police department of the city of Malden within the meaning of G. L. c. 32, § 83, and ordered the writ to issue. The respondents alleged exceptions.

The case was submitted on briefs.

*M. L. Brown,* City Solicitor, for the respondents.

*J. H. Samuel,* for the petitioner.

BRALEY, J.   It is provided by G. L. c. 32, § 83, that "In every city, except Boston, which, by vote of its city council, accepts this section or has accepted corresponding provisions of earlier laws, the mayor and aldermen, or the board of police where such a board is established, shall, at his own request, or at the request of the chief or superintendent of police if, in the judgment of said board or officer, he is disabled for useful service in said department, retire from active service and place upon a pension roll any member of the police department of such city whom the city physician of such city certifies in writing to be permanently disabled, mentally or physically, by injuries sustained through no fault of his own in the actual performance of duty, from further performing duty as such member, or any member of said department who has performed faithful service therein for not less than twenty years continuously if, in the judgment of said board or officer, such member is disabled for

useful service in the department; and every member so retired shall annually receive as a pension one half the amount of compensation received by him at his retirement, such amount to be paid by the city, which shall appropriate money therefor. The board of police, or the mayor in cities having no such board, may in an emergency call upon any person so pensioned for such temporary service in the department as he may be fitted to perform, and during such service he shall be entitled to full pay." The answer to the petition does not deny that the city of Malden has accepted the provisions of G. L. c. 32, § 83, or of a prior statute containing similar provisions.

The office of police commissioner of the city was established by St. 1911, c. 16. By § 2 it is provided, "The police commissioner shall have authority to appoint, establish and organize the police of said city and to make all needful rules and regulations for its efficiency. Except as otherwise provided herein, all the powers and duties now conferred or imposed by law upon the mayor and aldermen of said city or upon the chief of police or city marshal relative to the appointment, pay, discipline, management, control, removal and retirement upon pension of the police of said city, are hereby conferred and imposed upon said police commissioner . . . ." By § 5 it is provided, "Except as authorized by the city council of the city, said commissioner shall not increase the number of patrolmen; nor shall the pay of the members of the police force be increased or diminished, except by the concurrent action of the city council, mayor and police commissioner."

It is not denied by the respondents that the petitioner on February 18, 1896, was duly appointed a regular officer of the police department and that he had performed faithful service continuously to April 1, 1926, a period of more than twenty years. The following facts could be warrantably found by the single justice, who had before him the auditor's report, as well as additional evidence, introduced by the petitioner. While the petitioner had not been on duty constantly because of injuries sustained, or leave of absence without pay, he fell on the ice "on or about March 7, 1926,"

while on duty, suffering injuries which required medical treatment, and on April 1, 1926, he made application under G. L. c. 32, § 83, for retirement to the police commissioner of the city on the ground that, having rendered faithful service to the city continuously for not less than twenty years, he had become disabled from performing useful service in the department by reason of physical disability as stated in a certificate of the city physician which was attached to the petition. The commissioner, acting on the certificate, which stated that the petitioner was permanently unable to perform the duties required of a patrolman in active duty because of his physical condition, granted the petition and retired the petitioner on a pension of one half of his present compensation, namely, "$1,012.87½," to take effect as of April 1, 1926. The commissioner filed a certificate in which he specifically stated what had been done with his reasons for the action taken, and that "pursuant to the powers vested in me as Police Commissioner of the City of Malden, I hereby retire you, John J. Bushell, upon a pension of one-half of your present compensation, to wit, $1,012.87½ per year, the same to take effect as of April 7, 1926." It further could be found that all the foregoing statements of fact were true.

The respondents' requests for rulings five, six, seven, nine, ten, eleven, fifteen, sixteen, seventeen, and eighteen were denied rightly. *Rich* v. *Mayor of Malden*, 252 Mass. 213.

It is contended, that the commissioner exceeded his authority, and the proceedings were void. Whatever the law may have been as to the organization, control and management of the police department of the city prior to St. 1911, c. 16, that act provided in § 8 that "All existing acts and parts of acts inconsistent herewith shall not hereafter apply to the city of Malden," and by § 2 the commissioner among other powers is expressly given authority to retire patrolmen on a pension. We find nothing repugnant in G. L. c. 32, § 83, to the exercise by him of the functions conferred by the statute.

It was uncontroverted that treasury warrants which were the pay rolls of the various departments of the city, for May,

June and July, and September of 1926 included an item for the amount of the petitioner's pension. The respondent mayor of the city, however, refused in each instance to approve the warrant, because the petitioner's pension was included. But, after the respondent city treasurer had made a notation on the warrants, "This amount includes pension of John J. Bushell. Am holding check," the mayor affixed his signature. The pension having been lawfully granted, the city was bound to pay it, and an action of contract therefor can be maintained by the petitioner, who was not removed from office, but transferred from active duty, subject to such temporary service as he might be able to perform. *Mayor of Somerville* v. *Justices of the Police Court of Somerville*, 220 Mass. 393, 396, and cases there cited. *Rich* v. *Mayor of Malden*, 252 Mass. 213, 217.

The first, second, third and fourth requests could not have been given.

We discover no error of law on the record except the refusal of the respondents' nineteenth request, that the petitioner "has a full, complete and adequate remedy at law and is not entitled to have the issue herein raised heard and determined in this proceeding." It should have been given. A writ of mandamus is not a matter of right, but is granted only to prevent a failure of justice where there is no other adequate remedy. *Daly* v. *Mayor of Medford*, 241 Mass. 336, 339, and cases there collected.

*Exceptions sustained.*