JENNIE L. TOLMAN *vs.* SELECTMEN OF BROOKLINE.

Norfolk.    February 5, 6, 1946. — March 29, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Pension. Police.*

The provisions of G. L. (Ter. Ed.) c. 32, § 89, in its forms both in 1936 and in 1944, did not require that an annuity voted in 1944 thereunder to be paid to the widow of a member of a town's police force, who had died in 1936 because of hazards peculiar to his employment, be made effective as of the date of the death instead of as of the date of the vote.

PETITION, filed in the Superior Court on June 27, 1945, for a writ of certiorari.

The case was heard by *Donahue*, J.

*F. J. Linehan, Jr.*, for the petitioner.

*C. W. Oberdorfer*, for the respondents.

WILKINS, J.    This is a petition for a writ of certiorari by the widow of James H. Tolman, a former police officer of Brookline, who alleges that there was error in the proceed-

ings of the respondent board of selectmen in that a pension voted to be paid to her as such widow was made effective from the date of the vote and not from the date of the death of James H. Tolman. From a judgment affirming the proceedings, the petitioner appealed.

These facts appear in the respondents' return. James H. Tolman died on May 3, 1936. On February 18, 1938, the petitioner made application to the board of selectmen for an annuity on the ground that James H. Tolman died "as a natural and proximate result of undergoing a hazard peculiar to his employment, while in the performance of his duty." G. L. (Ter. Ed.) c. 32, § 89, as then appearing in St. 1935, c. 466. On May 2, 1938, the application was denied after a board of physicians had reported that it was unable to certify, as required by § 89, "that the death was the natural and proximate result of the said . . . hazard." After unsuccessful efforts to obtain a reopening of the matter the petitioner on May 29, 1944, again requested reconsideration, and on July 24, 1944, the board of selectmen voted to reconsider the case. Hearings took place on October 2 and 16, 1944, the evidence presented at which was sufficient to satisfy the respondents that the death of James H. Tolman was the natural and proximate result of undergoing a hazard peculiar to his employment while in the performance of his duty as a patrolman. On October 30, 1944, the board of selectmen voted to designate two physicians to act as a board with a third physician to be designated by the commissioner of public health to consider the evidence. On December 8, 1944, the physicians certified to the treasurer of the town of Brookline that the "death of James H. Tolman on May 3, 1936, was the natural and proximate result of undergoing a hazard peculiar to his employment while acting in the performance of his duty." Thereafter the board of selectmen voted that "an annuity of $1,000 per year be paid out of the town treasury to Jennie L. Tolman, widow of the late James H. Tolman, so long as she remains unmarried, said annuity to be effective this date, December 18, 1944." On January 5, 1945, a request of the petitioner that the effective date of the annuity

be made May 3, 1936, was denied by the board of selectmen.

The material portions of G. L. (Ter. Ed.) c. 32, § 89, appearing in St. 1935, c. 466, as amended by St. 1943, c. 366, are: "If a member of the police . . . force . . . of a . . . town . . . dies as a natural and proximate result of undergoing a hazard peculiar to his employment, while in the performance of his duty, and it shall be proved to the satisfaction of the appropriate public authority as hereinafter defined that such death was the natural and proximate result . . . of undergoing a hazard peculiar to his employment, while he was acting in the performance and within the scope of his duty, and a majority of the members of a board consisting of two physicians designated by the public authority hereinafter defined, and one physician to be designated by the commissioner of public health shall certify to the treasurer of the body politic and corporate by which the compensation of such deceased person was payable, that the death was the natural and proximate result of the said . . . hazard, there shall . . . be paid out of the treasury of such body politic and corporate, to the following dependents of such deceased person the following annuities: To the widow, so long as she remains unmarried, an annuity not exceeding one thousand dollars a year . . . . The members of said board to be designated by the retiring authority and the commissioner of public health, as aforesaid, shall be so designated within thirty days after the filing of an application for an annuity hereunder. . . . The amount of any such annuity shall from time to time be determined within the limits aforesaid by the appropriate public authority . . . The words 'appropriate public authority' . . . shall mean . . . as to a member of the police . . . force . . . of a town, the selectmen . . . The provisions of this section shall apply . . . to deaths resulting from hazards undergone, occurring on or after January first, nineteen hundred and thirty-five, in the case of policemen . . . irrespective of the time of . . . undergoing the hazards resulting in such death." The only changes in the quoted portion of the statute introduced by the 1943 amend-

ment are the making of the medical certificate by a majority, instead of by all, of the physicians, and the addition of the requirement that the medical board be designated within thirty days after the filing of the application. Accordingly, our conclusion would be the same irrespective of whether we take the statute in its form on the date of the death of James H. Tolman or in its form on December 18, 1944, the date of the vote of the board of selectmen for the payment of the annuity.

The contention of the petitioner goes to the extent of saying that the board of selectmen, once it determined to pay "any such annuity," whatever the amount, was obliged to vote payment from the date of death. We are dealing not with any question of policy to be adopted by the board of selectmen but with the question whether their power of determination is so controlled by statutory mandate that they must select the date of death for the commencement of payment of whatever annuity they may vote. The construction advocated by the petitioner does not impress us as being the correct one. The provisions of § 89 establish as conditions of payment that the police officer must have died in the prescribed circumstances; that the board of selectmen must have that fact proved to their satisfaction; and that the board of physicians must make certification of that fact to the town treasurer. If these conditions are all fulfilled, then, and then only, shall be paid the annuity to an amount not exceeding $1,000 as determined by the selectmen, who have the authority to change the amount at will from time to time. This is hardly an expression of the rigorous legislative intent urged by the petitioner. And the requirement that the annuity "shall" be paid out of the treasury, in this case that of the town, is merely a designation of the source of the funds to make whatever payment the board of selectmen in conformity with the statute may determine. While we assume that the vote did not give the petitioner the fullest relief possible under the statute, still the annuity granted is, as would have been an annuity of $500, an amount of relief which the board of selectmen could determine in its discretion under the act.

Our conclusion is confirmed by the presence in G. L. (Ter. Ed.) c. 32 of other provisions for payments which are expressly made to begin as of the date of death. See §§ 4F, 25B, 31B. See also *Lawless* v. *Waltham*, 258 Mass. 181. We perceive nothing in *Acford* v. *Auditor of Cambridge*, 300 Mass. 391, inconsistent with what we have expressed herein.

*Judgment affirmed.*