### Arthur A. Fortin *vs.* Mayor of Chicopee.

Hampden. September 21, 1949. — January 9, 1950.

Present: Qua, C.J., Lummus, Ronan, Wilkins, Spalding, & Counihan, JJ.

*Municipal Corporations*, Officers and agents.

The mayor of a city who by its charter was the officer authorized to appoint firemen was not required to hold any hearing or make any recommendation respecting the city's indemnifying a fireman under G. L. (Ter. Ed.) c. 41, § 100, as appearing in St. 1945, c. 670, for "expenses or damages sustained by him while acting as a . . . fireman" including "loss of pay by reason of absence from duty . . . because of temporary incapacity caused by injury suffered through no fault of his own while in the actual performance of duty." Qua, C.J., and Ronan, J., dissenting.

Petition, filed in the Superior Court on June 28, 1948, for a writ of mandamus.

A demurrer was heard and sustained by *O'Brien*, J.

The case was argued at the bar in September, 1949, before *Qua*, C.J., *Lummus, Ronan, Wilkins,* & *Counihan*, JJ., and afterwards was submitted on briefs to all the Justices except *Williams*, J.

*R. P. Stapleton, (W. M. Long* with him,) for the petitioner.

No argument nor brief for the respondent.

Lummus, J. General Laws (Ter. Ed.) c. 41, § 100, as appearing in St. 1945, c. 670, provides that a city "shall indemnify" a fireman or a member of the fire department "to an amount not more than the amount recommended by the board or officer authorized to appoint" such fireman or

member "for expenses or damages sustained by him while acting as" such fireman or member, including loss of pay by reason of absence from duty because of temporary incapacity caused by injury suffered through no fault of his own while in the actual performance of duty.[1]  See *Quinlan v. Cambridge,* 320 Mass. 124, 128.

This is a petition by a fireman of Chicopee against the mayor of that city, who was the officer authorized to appoint firemen (St. 1897, c. 239, § 20), alleging that on January 5, 1946, the petitioner while serving as a fireman sustained damages, including expense for medicines and medical attendance, and loss of pay by reason of absence from duty because of temporary incapacity caused by injuries suffered through no fault of his own while in the actual performance of duty.  The petitioner alleged that on March 23, 1948, he petitioned the board of aldermen for such damages, that such board has authority to order his claim paid upon the recommendation of the respondent mayor, and that the petitioner has often applied to the respondent to grant him a hearing and to determine the amount of his damages and recommend such amount to the board of aldermen for payment, but the respondent has failed and refused to act.  The prayer was that a writ of mandamus issue, commanding the respondent mayor to act.

In the Superior Court a demurrer to the petition was sustained after a hearing, and the petitioner appealed to this court.

The main purpose of the amendment of the relevant

---

[1] The statute so far as material reads: "A city . . . shall indemnify a police officer, fireman or a member of the fire department or a person required to assist a police officer in the discharge of his duties, to an amount not more than the amount recommended by the board or officer authorized to appoint police officers, firemen or members of the fire department of such city . . . for expenses or damages sustained by him while acting as a police officer, fireman or member of the fire department or as such assistant . . . and such damages shall include loss of pay by reason of absence from duty on the part of such officer, fireman or member because of temporary incapacity caused by injury suffered through no fault of his own while in the actual performance of duty . . ..  This section shall be construed to require a city . . . to pay compensation, in the manner herein provided, for damages for personal injuries, whether or not death results, and for property damage sustained by a person while assisting a police officer thereof in the discharge of his duty upon his requirement. . . ."

statute by St. 1945, c. 670, was to change the permissive word "may" to the imperative word "shall." The amendment fixed the duty of the city to indemnify a fireman for certain "expenses or damages" to an amount which was not to exceed that recommended by the appointing officer, who in Chicopee was the mayor. It would seem that the requirements of the statute would be met by the payment of nothing or of $1 no matter how large might be the amount "recommended." See *Tolman* v. *Selectmen of Brookline,* 319 Mass. 382. While important as indicating the unusual nature of the obligation imposed, that is not the main point, however. The decisive factor here is that nothing in the statute required the mayor to hold any hearing or to make any recommendation. The word "recommended" as applied to an appointing authority such as the mayor is hardly a word suggestive of formal action. He clearly could recommend the payment of nothing. Bearing in mind the manner in which the business of government must be administered, it is the more reasonable interpretation that the mayor's duty under the act as drawn is performed by making no formal recommendation where nothing is "recommended" by him rather than that he must file a writing somewhere saying so in terms.

The statute did not require him to act "for cause," and therefore cases holding that action "for cause" implies a preliminary hearing have no application. Such cases are *Ham* v. *Boston Board of Police,* 142 Mass. 90, *Lacy* v. *Selectmen of Winchendon,* 240 Mass. 118, 121, *Murphy* v. *Casey,* 300 Mass. 232, 234, and *Higgins* v. *License Commissioners of Quincy,* 308 Mass. 142, 144, 145.

In our opinion the action of the judge was right.

*Order sustaining demurrer affirmed.*


The Chief Justice and Justice Ronan are unable to agree with the foregoing opinion. The statute in plain and direct terms provides that a city "shall indemnify" a fireman for expenses and damages of the kind described in the petition.

in an amount not exceeding that recommended by the appointing authority, which the petition alleges is the respondent mayor. These words are used in their ordinary sense of imposing an obligation on the city. They are words of command and not permission. That they were intended by the Legislature to be so understood is clearly indicated by the amendment of G. L. (Ter. Ed.) c. 41, § 100, by St. 1945, c. 670, the main purpose of which was to substitute the words "shall indemnify" for the words "may indemnify" so that the duty of the municipality to indemnify became mandatory. The initial and necessary step in determining the amount of reimbursement is a recommendation of the amount to be made by the appointing authority. The performance of this step is plainly implied. The Legislature's purpose is not to be rendered ineffectual and nugatory by mere inaction upon the part of the mayor. It is his duty to make a recommendation, even if it be that the petitioner is entitled to nothing. Mandamus is the appropriate remedy to compel performance of this statutory duty. *Rea* v. *Aldermen of Everett*, 217 Mass. 427, 430. *Bay State Street Railway* v. *Woburn*, 232 Mass. 201. *Milton* v. *Auditor of the Commonwealth*, 244 Mass. 93, 94. *Attleboro Trust Co.* v. *Commissioner of Corporations & Taxation*, 257 Mass. 43, 52. *Bell* v. *Assessors of Cambridge*, 306 Mass. 249, 254.

The petition states a case for relief and the order sustaining the demurrer should be reversed.