## Northern District
## RUTH I. LENOX
### v.
## CITY OF MEDFORD
(March 4, 1953)

*Gadsby, P. J.* This is an action of contract in which the plaintiff seeks to recover $662.07 under Count 1 for payments which she says were due from October 16, 1951 to February 21, 1952 on account of an annuity which she alleges was granted and voted her "By the appropriate public authority" of the City of Medford under the provisions of Chapter 32 Sections 89-89A. In Count 2 plaintiff alleges that the defendant owes her the sum of $662.07 for money had and received, plaintiff setting forth that both counts are for the same cause of action.

The answer is a general denial and a plea of ultra vires.

The facts may be summarized as follows:

1. At the trial there was evidence tending to show that the plaintiff who is a widow of the late Captain James S. Lenox, of the Medford Police Department, on or before the 27th day of June, 1951 applied in writing to the City of Medford for an annuity under said Chapter 32 Section 89-89a for herself and her minor daughter aged ten years as dependents of the late Captain James S. Lenox; a copy of her petition was introduced as Exhibit 1 and is as follows:

EXHIBIT 1.

June 27, 1951.

City of Medford
Medford, Mass.
Attention — City Manager

I hereby apply for an annuity for my minor child, Ruth-Ann, age 10 years, and myself as a dependent of the late Capt. James Stewart Lenox, under General Laws, Chapter 32, Section 89-89a.

s/ RUTH I. LENOX
145 Sherwood Road
Medford, Mass.

Seal of the City of Medford
A true copy
    Attest
        /s/ George P. Hassett, *City Clerk*

2. The petition of the plaintiff (Exhibit 1) was received by the City of Medford and City Manager and a medical panel was appointed under said Sections 89-89A consisting of three physicians, two of which were designated by the "Appropriate public authority" and the third was designated by the Commissioner of Public Health. The panel met on August 27, 1951 at the office of Dr. Andrew Guthrie and after consideration, the said panel on or before October 5, 1951 unanimously certified to the Treasurer of the City of Medford (the body politic and corporate by which the compensation of the deceased was payable) that the death of the late Captain James S. Lenox was the natural and proximate result of his undergoing a hazard peculiar to his employment.

3. On October 2, 1951 the Medford City Council voted to accept the provisions of Chapter 552 of the Acts of 1948 (Gen. Laws Chapter 32 Section 89A) entitled "An Act Increasing Annuities to Dependents of Certain Public Employees Killed or Dying from Injuries Received or Hazards undergone in the performance of Duty."

4. It was admitted that prior to March 2, 1951,

the City of Medford had accepted the provisions of Section 89 of Chapter 32.

5. On October 16, 1951 the Medford City Manager recommended to the City Council a transfer from the Reserve Fund of the sum of $383.31 for the purpose of paying an annuity for Mrs. Ruth I. Lenox wife of the late Captain James S. Lenox of the Medford Police Department for the remainder of 1951 (11 weeks).

6. On October 16, 1951 pursuant to the said communication (Ex. 3) the Medford City Council by unanimous vote adopted an order to transfer from the reserve fund the sum of $383.31 for the payment of annuity of Mrs. Ruth I. Lenox widow of the late Captain James S. Lenox, Police Dept.

7. On January 29, 1952 the Medford City Council after reference and study by the Committee of the Whole Council by unanimous vote adopted an order confirming its action of October 16, 1951 taken pursuant to the communication of the City Manager, and the report of the Medical Panel to the effect that the death of Captain James S. Lenox was a natural and proximate result of his undergoing a hazard peculiar to his employment while he was acting in the performance and within the scope of his duty, and voted to grant to Ruth I. Lenox, widow of Captain James S. Lenox an annuity of Fifteen Hundred Dollars ($1500) for the benefit of herself so long as she remains unmarried, and an annuity of three hundred and twelve dollars ($312) for the benefit of the minor daughter of said Captain James S. Lenox, so long as said minor is under the age of eighteen (18) years.

The defendant at the trial filed the following requests for rulings of law:

1. That the evidence in this case is sufficient as matter of law to warrant a finding for the defendant.

2. That the evidence in this case is sufficient as matter of law to require a finding for the defendant.

3. The action of the city council was ultra vires.

4. The action of the city manager was ultra vires.

5. The certification of the medical panel does not comply with the requirements of the statute G. L. CH. 32 Sec. 89A.

6. The plaintiff having failed to prove the decedent's death resulted from a hazard undergone and occurring on or after January 1, 1935 . . . cannot recover in this action.

   General Laws, Chapter 32 Section 89a

   *Ackford* v. *Auditor of Cambridge,* 300 Mass. 391, 393.

7. Section 89a of Chapter 32, of the General Laws, is applicable in the instant case only if plaintiff proves that the decedent's death resulted from a hazard or hazards undergone . . . on or after January 1, 1935 . . . peculiar to his (decedent's) employment, while acting in the performance and scope of his duty.

8. In the absence of testimony or record history that the decedent . . . on or after January 1, 1935 . . . had been exposed to hazards peculiar to his employment . . . while he was acting in the performance of his duties . . . and that his death was the natural and proximate result thereof, plaintiff cannot recover.

9. The plaintiff cannot recover an annuity under General Laws Chapter 32, Section 89a, as matter of law.

10. There can be no recovery for the plaintiff unless the plaintiff proves:

    (a) That James S. Lenox, a police captain, in the employ of the City of Medford died as the natural and proximate result of undergoing a hazard peculiar to his employment, while in the performance of his duty.

(b) That same has been proved to the satisfaction of the Manager and Council.

(c) A certification by the Medical Panel in accordance with the statute . . . defining the nature and extent of the said *hazard*.

(d) That death resulted from a hazard occurring on or after January 1, 1935, and so proved to the satisfaction of City Manager, City Council, and Medical Panel.

(e) That Section 89a of Chapter 32, was effective in Medford on the date of the decease of the said James S. Lenox.

> *Tolman* v. *Selectmen of Brookline,* 319 Mass. 382, 385.

11. The appropriate remedy for the plaintiff, if any, is mandamus, and not a contract action as the statute does not by express or implied terms authorize or imply such a right of action against a municipality. *Ackford* v. *Cambridge,* 300 Mass. 391; *Fortin* v. *Chicopee,* 325 Mass. 214; *Tolman* v. *Selectmen of Brookline,* 319 Mass. 382.

12. That the communication of the Manager to the Council was not a sufficient recommendation within the requirement of the statute.

13. That the appropriation of money by the Council was not the equivalent of the determination required of it by the Statute.

14. That failure to meet the requirements of the Statute invalidates any appropriation made and payment would be a gratuity.

> *Quinlan* v. *City of Cambridge,* 320 Mass. 124.

15. That the appointment of a Medical Panel by the public authority is not a matter of discretion.

16. That there must be a causal connection between the death of the employee and the performance of his duties.

17. That the plaintiff cannot recover in an action

of contract for the reason that the auditor has not approved the payment. G. L. CH. 41 Sec. 52.

By Its Attorney,

s/ MARK E. GALLAGHER, JR.

City Solicitor.

The Court denied the defendants' requests for rulings and made the following special findings:

This is an action in contract brought under the provisions of General Laws, Chapter 32, Sections 89 and 89-A for $662.07, covering a period from October 16, 1951 to February 21, 1952.

On all the evidence I find and rule that the provisions of said pertinent sections of the General Laws, which were adopted by the City of Medford, made adequate provisions for such payment.

An examination was held by the medical panel, which submitted a finding in writing to the effect that the death of the officer arose out of a hazard peculiar to his employment. Brainard F. Conley, M.D., a member of the Medical Panel, testified that in reaching its conclusion the Panel took into consideration the cause of the death, which was a coronary occlusion, and that the Panel considered the history of the deceased Captain's activities. He testified that it was the opinion of the Panel that the deceased Captain's malady, which resulted in his death, arose in the performance of his duties, and was as the result of a continuing hazard peculiar to the type of work performed by said deceased.

I believe that there was ample justification for the conclusion reached by the medical panel and that, together with the testimony of Dr. Conley, it is sufficient to comply with the requirements of the Statute.

As a result of the application made under said Statute and the conclusion of the Medical Panel, the City Manager of Medford requested the City

Council on October 16, 1951 to appropriate the sum of $383.31 for the balance of the year 1951. This appropriation was to be effected by the transfer of the above mentioned amount from the reserve fund of said City.

On said date, October 16, 1951, an order for the appropriation by the transfer of said amount was unanimously voted by the City Council.

No payments were made because the City Auditor, who prepares the figures in such matters for the so-called payroll, did not include the amount voted by the City Council for the remaining part of the year 1951 or for the part of the year 1952 for which this action is brought.

On January 29, 1952 the City Council unanimously adopted an order confirming its action of October 16, 1951 and voted an annuity of $1500.00 for the plaintiff and $312.00 for her minor daughter.

In passing said order of January 29, 1952 the City Council stated specifically that its vote of the appropriation was based upon the report of the Medical Panel and that it was acting under the enabling provisions of the General Laws, Chapter 32, Sections 89 and 89-A.

The City Auditor has refused to certify the payments of the amounts voted by the City Council. He testified that, in his opinion, the appropriations were illegal because the vote of said City Council and the report of the Medical Panel were based upon insufficient evidence.

Doubtlessly it is the duty of the City Auditor to protect the City against the payment of funds where there has been no proper appropriation. However, it was no part of his duty and he had no authority to pass upon the sufficiency of evidence on which the City Council's vote was based, nor was it part of his duty to pass on the sufficiency of the evidence that was the basis of the conclusion of the Medical Panel.

There is a very strong presumption in favor of the legality of an order passed by the City Council. Every presumption is to be made in its favor and its enforcement will not be refused unless it is shown beyond reasonable doubt that it conflicts with the Constitution or the enabling Statute. *Caires* v. *Town of Hingham,* 323 Mass. 589, 594.

In this case I find no evidence that would warrant a finding that the action of the City Council of Medford conflicts with any provision of the Constitution or the enabling statute.

I further rule that an action of contract is the appropriate remedy and that the written request of the City Manager dated October 16, 1951 sufficiently imports a recommendation within the requirements of the Statute.

I rule that it was the duty of the City Auditor to approve the payment of the amount that had been legally voted by the City Council of Medford.

It is not necessary to rule seriatim on all the Defendant's Requests for Rulings of Law. They are sufficiently covered in these Special Findings and Rulings.

It is not necessary to rule on the Plaintiff's Requests for Rulings.

The Court finds for the Plaintiff in the sum of $662.07.

s/ MAURICE R. FLYNN<br>Special Justice

and found for the plaintiff.

The report contained all the evidence material to the questions reported.

The first problem for consideration is that raised by several of the defendant's requests to the effect that remedy of the plaintiff, if any she has, is in mandamus and that no action of contract lies.

Mandamus is an extraordinary writ and does not lie where the plaintiff has an adequate remedy at law.

In *Bushell* v. *Mayor of Malden*, 260 Mass. 476, a police officer brought a writ of mandamus to compel payment of his pension. The Court at page 481 said, "That the petitioner has a full, complete and adequate remedy at law and is not entitled to have the issue herein raised, heard and determined in this proceeding. . . . A writ of mandamus is not a matter of right but is granted only to prevent a failure of justice where is no other adequate remedy."

In *County Commissioners of Essex et al.* v. *Mayor of Newburyport et al.*, 252 Mass. 407, the Court at 410 said, "It is a settled rule of practice that the extraordinary remedy provided by writ of mandamus will not be permitted where there is other relief afforded either by common law or by special provisions of statute.

In *Seney* v. *Board of Health of Northampton*, 314 Mass. 272, the Court said at page 273, "The merits of this case cannot be properly determined in this form of proceeding. If the petitioner is entitled to the salary that he claims, he is entitled to recover it by action of law against the city. There is the well settled rule of practice that the extraordinary remedy provided by a writ of mandamus will not be permitted where there is other relief afforded either by the common law or by special provisions of statute."

We therefore are of opinion that the plaintiff has pursued her proper remedy in this action of contract.

The next problem for consideration is whether there can be recovery under this action. The case of *Foley* v. *City of Springfield*, 1951 Adv. Sheets 1089, would seem to militate against such recovery. That case was a bill in equity brought by the petitioners who were retired members of the police

and fire department of the City of Springfield to recover back certain amounts deducted from their pensions by reason of the fact that they had been gainfully employed in other occupations after being the recipients of pensions from the said city. The court at page 91 said, "These pensions were non-contributory and were mere gratuities granted because of services rendered. No contractual obligations were created between the plaintiffs and the city by such pensions. They were only expectancies which the Legislature could terminate or reduce at will."

In *Coakley* v. *Attorney General*, 318 Mass. 508 at page 510, the court said, "But pension money is not unqualifiedly owned, nor is it wholly beyond recall." The court quoted the case of United States ex rel. *Burnett* v. *Teller*, 107 U. S. 64 at 68, "No pensioner has a vested legal right to his pension. Pensions are the bounties of the government, which Congress has the right to give, withhold, distribute or recall, at its discretion."

It would appear that the case at bar may be distinguished from the *Foley* case, in that, in the case at bar nothing had been taken away from the plaintiff. The annuity in question had been granted by proper statutory steps. The Medical Panel, the City Manager, the Mayor and the City Council all had approved such action. The City Auditor had no power to review the action of the Medical Board, and decided that its action was not warranted by the evidence. To allow such would be to substitute for the judgment of the Medical Panel the opinion of the City Auditor. Such action was not intended by the Legislature.

We are of opinion that the case at bar can be distinguished from the *Foley* case, in that, in the case at bar there has been no divesting of any rights of the plaintiff. The plaintiff had at least an interest subject at most to be divested. In the *Foley* case the action had been taken to divest the

petitioners' rights. Therefore, the rights of the present plaintiff continued to be in existence until taken away or limited.

Even in the case of non-contributory pensions, the Court had intimated that there may be exceptions from the rule of the case of United States ex rel. *Brunett* v. *Teller,* above cited.

In the *Foley* case at page 91, the Court said, "While it is true that that case involved a pension granted by the United States government, we are of opinion that the rule laid down is equally applicable to pensions granted by the Commonwealth or any political subdivision thereof with exceptions, perhaps, not here material."

It might well be that the Court did not intend to intimate that all non-contributory pensions were gratuities. There well might be situations where even if a pension were non-contributory that such was not a mere gift of the government. For example, there is no doubt that many judges accepted judicial appointments, not so much for the salary involved, but for the fact that an adequate pension did insure against disability.

A judge by accepting a judicial appointment gave up his opportunity of earning more in private practice. When a judge accepted his appointment, he knew that his salary was a certain amount and that his pension was three-fourths of his salary. He therefore, in accepting a judicial appointment was actuated by both features. His compensation included not only his salary but his pension rights. To attempt to take away such pension rights of present judges or in any way to decrease them would seem to be unconstitutional.

Even if it be conceded that the plaintiff had no contract, yet the plaintiff should be able to recover because G. L. Chap. 32, Sec. 89-A., makes it the duty of the city to pay this annuity which had been lawfully granted by the appropriate public authority. The Medical Panel, the Mayor and the City

Council with recommendation of the City Manager, all concurred in the action.

The mandatory words of the Statute are as follows:

"There shall . . . be paid out of the Treasury of such body politic and corporate to the following dependents of said deceased person the following annuities: . . ."

In *Cook* v. *Springfield,* 184 Mass. 247, recovery was allowed on a quantum meruit, for services rendered to the defendant city as a license commissioner by the plaintiff. The Court on page 249 said, "If it was not paid the law would give the public officer an action to recover it, not by reason of a contract expressed or implied in fact between the plaintiff and the city, but by reason of the statute which makes it its duty to make the payment." In like manner, the defendant city in the case at bar was under a mandatory duty to pay the plaintiff by reason of G. L. (Ter. Ed.) Chap. 32, Sec. 89-A.

There is no necessity of passing specifically on each and every one of the defendants' requests for rulings of law. They become immaterial and irrelevant in view of specific findings by the trial judge previously noted in this opinion. The report is therefore ordered dismissed.

Arthur V. Harper, for the Plaintiff.

Mark E. Gallagher, Jr., for the Defendant.